1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   ERIK S. BLISS (184954)
3  ebliss@sheppardmullin.com
   501 West Broadway, 19th Floor
4  San Diego, California 92101-3598
   Telephone: (619) 338-6500
5  Facsimile: (619) 234-3815

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

7

FILED

2010 JUL 14  PM 2: 00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                                    '10 CV 1467     JLS BGS

11 ROBERT R. MORENO, an            CASE NO. _____
   individual; and SUSAN A.
12 ADCOCK, an individual,          Complaint Filed: 06/14/10

13              Plaintiffs,         DEFENDANT WELLS FARGO BANK,
                                    N.A.'S NOTICE OF REMOVAL
14      v.
                                    [28 U.S.C. § 1441]
15 WELLS FARGO HOME MORTGAGE, aka
   WELLS FARGO BANK, N.A.; FIRST
16 AMERICAN LOANSTAR TRUSTEE
   SERVICES, LLC; and DOES 1-25,
17
                Defendants.
18

19

20 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that defendant Wells Fargo Bank,

22 N.A. ("Wells Fargo"), with the consent of all other proper

23 defendants in this action, hereby removes to this Court the state

24 court action described below.

25      1.   On June 14, 2010 plaintiffs Robert R. Moreno

26 ("Moreno") and Susan A. Adcock ("Adcock," and together with

27 Moreno, "Plaintiffs") filed a civil action in the Superior Court

28 of the State of California, County of San Diego, North County

W02-WEST:8ESB2\402776268.1                    -1-

1  Division, Case No. 37-2010-00056256-CU-OR-NC, entitled <u>Moreno v.</u>

2  <u>Wells Fargo Home Mortgage</u>.  A true and correct copy of

3  Plaintiffs' "Complaint to Enjoin Foreclosure, and for Declaratory

4  Relief and an Accounting; Memorandum of Points & Authorities;

5  Declaration of Susan A. Adcock; Declaration of Newell E. Cumming,

6  Esq." (the "Complaint"), with the accompanying "Summons," "Civil

7  Case Cover Sheet," and "Notice of Case Assignment," is attached

8  hereto as "Exhibit A."

9       2.   Wells Fargo first received a copy of the Complaint

10  with corresponding Summons from the state court by registered

11  mail on June 23, 2010.

12       3.   Additional notices and documents filed in the

13  state court and served on Wells Fargo include:  "Notice of Ex

14  Parte Application for Temporary Restraining Order, Ex Parte

15  Application, Memorandum of Points and Authorities, Declarations

16  by Susan Adcock and Newell E. Cumming, Esq. and [Proposed] Order

17  to Show Cause and for Temporary Restraining Order"; "Memorandum

18  of Points & Authorities in Support of Temporary Restraining Order

19  and/or Preliminary Injunction"; "Declaration of Susan A. Adcock

20  in Support of Complaint for Temporary Restraining Order and

21  Preliminary Injunction"; "Declaration of Newell E. Cumming, Esq.

22  in Support of Complaint for Temporary Restraining Order and

23  Preliminary Injunction"; and "Order to Show Cause and Temporary

24  Restraining Order."  True and correct copies of these documents,

25  as served on Wells Fargo, are attached hereto as "Exhibit B."

26       4.   This is an action of which this Court would have

27  original jurisdiction under 28 U.S.C. § 1332(a), and which may be

28  removed to this Court pursuant to 28 U.S.C. § 1441(b), in that it

1   is a civil action between citizens of different states and the

2   matter in controversy exceeds $75,000.00, exclusive of interest

3   and costs.

4           5.   Wells Fargo is informed and believes, and on that

5   basis alleges, that Moreno was at the time of the filing of this

6   action, and still is, an individual domiciled in California, and

7   a citizen of California.  Plaintiffs allege that Moreno "was, and

8   is, an individual residing in Valley Center, California, within

9   the County of San Diego."  Comp. ¶ 1 at 2:1-2.

10          6.   Wells Fargo is informed and believes, and on that

11  basis alleges, that Adcock was at the time of the filing of this

12  action, and still is, an individual domiciled in California, and

13  a citizen of California.  Plaintiffs allege that Adcock "was, and

14  is, an individual residing in Valley Center, California, within

15  the County of San Diego."  Comp. ¶ 1 at 2:4-5.

16          7.   Wells Fargo was at the time of the filing of this

17  action, and still is, a national banking association chartered

18  under the laws of the United States.  Wells Fargo is chartered,

19  and has its main office, in South Dakota.

20          8.   "All national banking associations shall, for the

21  purposes of . . . actions by or against them, be deemed citizens

22  of the States in which they are respectively located."  28 U.S.C.

23  § 1348.  A national bank is "located," for diversity jurisdiction

24  purposes, only in the state designated as its main office (and

25  not in every state where it has branch offices).  See Wachovia

26  Bank v. Schmidt, 546 U.S. 303, 309-19 (2006).

27          9.   Wells Fargo Home Mortgage is a division of Wells

28  Fargo Bank, N.A.

1    10.   Wells Fargo is informed and believes, and on that

2 basis alleges, that defendant First American Loanstar Trustee

3 Services, LLC was at the time of the filing of this action, and

4 still is, a Texas limited liability company with its principal

5 place of business in Texas.

6    11.   The Complaint includes as defendants "DOES 1-25."

7 Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious

8 and unknown defendants is disregarded for purposes of removal.

9    12.   Wells Fargo is informed and believes, and on that

10 basis alleges, that the amount in controversy in this action is

11 in excess of $75,000.  Plaintiffs' action concerns "a written

12 promissory note on the amount of vie-hundred and sixty-four

13 thousand ($564,000.00)," Comp. ¶ 29 at 15:24-25, and Plaintiffs

14 seek to enjoin a foreclosure sale of the real property that

15 secures the residential mortgage loan evidenced by that note.

16    13.   Plaintiffs also seek "an accounting . . . to

17 determine the amount that Plaintiffs actually owe" on their loan,

18 Comp. at 18:22-23, and "attorney fees and costs," Comp. at 18:26.

19    14.   On the date of this Notice of Removal, a copy of

20 this Notice is being served on Garmo's attorney of record, and a

21 copy of this Notice is being filed in the state court action with

22 the Clerk of the Superior Court of the State of California,

23 County of San Diego, East County Division.

24    WHEREFORE, the above action now pending in the Superior

25 Court of the State of California, County of San Diego, North

26 County Division, Case No. 37-2010-00056256-CU-OR-NC, is removed

27 from said state court to this Court, and Wells Fargo prays that

28 this Court proceed in this action pursuant to 28 U.S.C. § 1447

1   and other relevant and applicable law, as if this action had been
2   originally filed in this Court, and that further proceedings in
3   the state court action be stayed in all respects.

4   DATED: July 14, 2010

5                           SHEPPARD MULLIN RICHTER & HAMPTON LLP

6

7                           By _____
                                          ERIK S. BLISS
8

9                                 Attorneys for Defendant
                                  WELLS FARGO BANK, N.A.
10

11                          CONSENT TO REMOVAL

12          Defendant First American Loanstar Trustee Services,
13   LLC, by and through its counsel, hereby consents to the removal
14   of this action from the Superior Court of the State of
15   California, County of San Diego, North County Division to the
16   United States District Court for the district within which this
17   action is pending.

18   DATED: July 14, 2010

19                           WRIGHT, FINLAY & ZAK LLP

20

21                           By _____
                                      NICOLE K. NEFF, ESQ.
22

23                                Attorneys for Defendant
                                FIRST AMERICAN LOANSTAR TRUSTEE
24                                     SERVICES, LLC

25

26

27

28

W02-WEST:8ESB2\402776268.1                  -5-

# EXHIBIT A

1  Newell E. Cumming, Esq.  (SBN 89275)
   LAW OFFICES OF NEWELL E. CUMMING
2  145 South Fig Street, Suite L
   Escondido, CA 92025
3  Tel:  760-747-6600
   Fax:  760-747-6644

4  Attorney for Plaintiffs Robert R. Moreno and Susan A. Adcock

5           SUPERIOR COURT OF THE STATE OF CALIFORNIA

6             FOR THE COUNTY OF SAN DIEGO

7               NORTH COUNTY BRANCH

8

9

10 ROBERT R. MORENO, an individual, and        )    Case No.
                                               )
11 SUSAN A. ADCOCK, an individual;             )
                                               )
12          Plaintiffs                         )    COMPLAINT TO ENJOIN
                                               )    FORECLOSURE,  AND FOR
13      vs.                                     )    DECLARATORY RELIEF AND
                                               )    AN ACCOUNTING; MEMORANDUM OF
14                                             )    POINTS & AUTHORITIES,
   WELLS FARGO HOME MORTGAGE, aka             )    DECLARATION OF SUSAN A. ADCOCK;
15 WELLS FARGO BANK, N.A.; FIRST              )    DECLARATION OF NEWELL E.
   AMERICAN LOANSTAR TRUSTEE                   )    CUMMING, ESQ.
16 SERVICES, LLC; and DOES 1-25;              )
                                               )
17          Defendants                         )
                                               )
18                                             )
                                               )
19 _____)

20

21      COME NOW Plaintiffs ROBERT R. MORENO and SUSAN A. ADCOCK, and complain

22 and allege as follows:

23                         I.      THE PARTIES

24      1.      At all times relevant herein, Plaintiff ROBERT R. MORENO ("Plaintiffs" or

25

26                                    -1-                        EX. A – PAGE  002

27 _____

28              COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK

1  "MORENO") was, and is, an individual residing in Valley Center, California, within the County
2  of San Diego.

3      2.      At all times relevant herein, Plaintiff SUSAN A. ADCOCK ("Plaintiffs" or
4  "ADCOCK") was, and is, an individual residing in Valley Center, California, within the County of
5  San Diego, and is the married spouse of MORENO.

6      3.      At all times relevant herein, on information and belief, Defendant WELLS FARGO
7  BANK, N.A., aka WELLS FARGO HOME MORTGAGE ("Wells Fargo"), was, and is, a national
8
9  banking association authorized to engage in, and engaged in mortgage lending business within the
10 County of San Diego.

11      4.      At all times relevant herein, on information and belief, Defendant FIRST
12 AMERICAN LOANSTAR TRUSTEE SERVICES, LLC ("First American") was, and is, the
13 current trustee of the underlying deed of trust.

14      5.      Plaintiffs are unaware of the true names and capacities whether individual,
15
16 corporate, associate or otherwise of Defendants DOES 1 through 25, inclusive, and therefore sue
17 said Defendants by such fictitious names.   Plaintiffs are informed and believe, and upon such
18 information and belief alleges, that each of said Defendants is/are responsible in some manner for
19 the events and happenings herein referred to, and proximately caused the damages to Plaintiffs, as
20 described herein.   Whenever in this complaint any Defendants are the subject of any charging
21 allegation, it shall be deemed that said Defendants, DOES 1 through 25, inclusive, and each of
22
23 them, are likewise a subject of said charging allegations.

24      6.      Plaintiffs are informed and believes, and upon such information and belief alleges

25
26                                        -2-                          EX. A – PAGE 003
27  _____
28                        COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK

that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of the remaining Defendants, and, at all times herein mentioned, was acting within the course and scope of said agency and/or employment.

## II.   STATEMENT OF FACTS

7.   Plaintiffs refer to and re-allege each and every allegation contained in Paragraphs 1. through 6. above, and by this reference incorporates, as though fully set forth herein, said Paragraphs.

8.   Beginning in early 2009, Plaintiffs began suffering a slow-down in the amount of business that they were doing in their automobile repair business located in Valley Center, California,  Specifically, in July 2009 the Plaintiffs informed Wells Fargo that they were having trouble  making the monthly mortgage payments because of a reduction in their income.   The Plaintiffs also told Wells Fargo that their prefer to obtain a loan modification ("Loan Modification"), which would enable them to  remain in their home, as they preferred.    To that end, the Plaintiffs requested information from Wells Fargo about what Loan Modification options were available.

9.   In response to the Plaintiffs' request for information regarding loan modification, Wells Fargo responded by letter dated July 9, 2009, in which it was stated simply that "the request for loan modification has been denied" because the "request would be outside of your investor guidelines."    A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "A", and by this reference is incorporated into and made a part of this complaint.   After receiving the July 9, 2009 response described above, Plaintiffs retained counsel ("Counsel") to assist with their efforts to obtain a Loan Modification.   On or about July 20, 2009, the undersigned Counsel

-3-

**EX. A – PAGE  004**

sent written notification to Wells Fargo advising the bank that the Plaintiffs had retained counsel in this matter.      A true and correct copy of this letter from Counsel to Wells Fargo is attached hereto as Exhibit "B", and by this reference is incorporated into and made a part of this complaint.

10.     For approximately two months after the above-described letter was sent by Counsel advising Wells Fargo of the legal representation no response was received from the bank.     In late September 2009, a letter was received by Counsel from Wells Fargo.     In the letter, dated September 24, 2009, Wells Fargo confirmed that they are able to discuss the Plaintiffs' mortgage loan with Counsel.     However, after stating in the letter that Wells Fargo is providing information regarding this matter, the letter goes on to state the following:

> "Thank you for taking the time to write us regarding [the Plaintiffs'] situation and the expected difficulties they face in keeping their loan current.     Regrettably, only the representatives in our Collections Department have the specialized training and authority to establish workout arrangements.     Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Collections representative.     Therefore, it is imperative for you or the homeowners to call our Collections Department to determine what options are available to assist you in preventing their loan form going farther into default."

As explained below, upon receipt of this letter, which is attached hereto as Exhibit "C", and by this reference is incorporated into and made a part of this complaint, Counsel began what would become a lengthy and ultimately fruitless effort to have a substantive conversation with any Wells Fargo representative regarding the options that may be available for a Loan Modification.

11.     During the days immediately following receipt of the above-described September 24, 2009 letter from Wells Fargo (Exhibit "D"), Counsel contacted Wells Fargo and had several telephone conversations with its representative.     Although the Plaintiffs had already provided Wells Fargo with the requested financial information before Counsel was retained, during the telephone conversations between Counsel and Wells Fargo, updated financial information about

-4-

COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK

1   the Plaintiffs was requested by Wells Fargo.   In response to Wells Fargo's request, Counsel

2   forwarded to the bank the requested information.   As confirmed in Counsel's letter dated

3   October 14, 2009, the additional financial information regarding the Plaintiffs' monthly income

4   and expenses, and monthly account statements, was forwarded to Wells Fargo.   A true and

5   correct copy of this letter from Counsel to Wells Fargo is attached hereto as Exhibit "D", and by

6   this reference is incorporated into and made a part of this complaint.

7        12.   Approximately one month later, Plaintiffs received a letter from Wells Fargo dated

8   November 15, 2009.   Unfortunately, the letter was a form-type letter which simply notified

9

10   Plaintiffs that they were past due in their mortgage payments.   A true and correct copy of this

11   letter from Counsel to Wells Fargo is attached hereto as Exhibit "E", and by this reference is

12   incorporated into and made a part of this complaint.   The next correspondence to be received by

13   Counsel from Wells Fargo was dated December 10, 2009, which was essentially the same letter as

14   sent by Wells Fargo on or about September 24, 2009 (Exhibit "C" above).   In this letter, Wells

15   Fargo once again said that Counsel for Plaintiffs needs to contact Wells Fargo, although this letter

16

17   instructed that the Loss Mitigation/Collections be contacted, instead of the Collections

18   Department.   A true and correct copy of this letter from Wells Fargo to Counsel is attached hereto

19   as Exhibit "F", and by this reference is incorporated into and made a part of this complaint.   As

20   suggested by Wells Fargo in their letter, Counsel began another effort to have a substantive

21   discussion with a Wells Fargo representative who was knowledgeable about loan modifications.

22   On the date after Exhibit "F" was written by Wells Fargo, another letter was written on or about

23

24   December 11, 2009 to Counsel.   In this letter, Wells Fargo stated the following:

25        "We were previously advised that the above referenced mortgagor has retained
     your office to represent them. Please confirm that your office still represents the
26        mortgagor(s)."

27                                        -5-                            **EX. A – PAGE  006**

28   _____
                    **COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK**

1   A true and correct copy of this letter from Wells Fargo to Counsel is attached hereto as Exhibit

2   "G", and by this reference is incorporated into and made a part of this complaint.

3        13.    After receipt of Wells Fargo's December 11, 2009 letter, Counsel contacted Wells

4   Fargo and talked to a "Natalie" in the Loss Mitigation Department on or about December 16,

5   2009.     Similar to Wells Fargo's prior requests, Natalie said that the Plaintiffs would have to

6   again send the requested financial information.     Natalie was unable to confirm whether Wells

7   Fargo had received the information previously sent by Counsel two months earlier in October

8   2009.     Natalie also informed Counsel that Wells Fargo required (again) a signature from the

9

10  Plaintiffs confirming that Counsel does, indeed, represent the Plaintiffs.     Pursuant to the requests

11  from Natalie, Counsel sent Wells Fargo a letter on or about December 21, 2009 with updated

12  financial information about the Plaintiffs, including copies of Plaintiffs' balance sheets, profit and

13  loss statements, and current pay stubs, as well as another signature by Moreno.     In the letter's

14  conclusion, Counsel confirmed that Natalie had represented that after reviewing the enclosed

15  information Wells Fargo would contact Counsel to discuss the available Loan Modifications.     A

16

17  true and correct copy of this letter from Counsel to Wells Fargo is attached hereto as Exhibit "H",

18  and by this reference is incorporated into and made a part of this complaint.

19        14.    As of January 4, 2010, no response was received from Wells Fargo, and no effort

20  was made by Wells Fargo to contact Plaintiffs or their Counsel.     Not having heard back from

21  Wells Fargo, Counsel sent the bank a follow-up letter.     In his January 4 letter, Counsel expressed

22  the frustration with Wells Fargo's repeated requests for the same information, even after the

23  information had been submitted several times, and the failure of Wells Fargo to contact either

24  Plaintiffs or their Counsel.     In the letter, Counsel wrote the following:

25

26

27                                    -6-                          **EX. A – PAGE  007**

28

"Even after complying with Wells Fargo's repeated requests for the same information, [Counsel] still has not been contacted by your bank so that a meaningful and substantive discussion can be had to determine which loan modification options are available to" Plaintiffs.

The letter concludes with the following statement:

"As such, it is imperative that Wells Fargo contact [Counsel] without delay so that [the Plaintiffs] can determine what options are available to ensure that they remain in their home."

A true and correct copy of this letter from Counsel to Wells Fargo is attached hereto as Exhibit "I", and by this reference is incorporated into and made a part of this complaint.

15.     Two days after Counsel sent his January 4, 2010 letter, another letter was received from Wells Fargo, dated January 7, 2010.    In this letter, which was sent to only the Plaintiffs, Wells Fargo advised the Plaintiffs that their mortgage has been referred "to our attorney with instructions to begin foreclosure proceedings."    As is customary in such letters, Wells Fargo also stated that the entire balance is due and payable to Wells Fargo.    A true and correct copy of the Wells Fargo letter dated January 7, 2010 is attached hereto as Exhibit "J", and by this reference is incorporated into and made a part of this complaint.    About one week later, Wells Fargo sent another letter, dated January 15, 2010, which was essentially similar to the earlier form letters sent by the bank.    In this letter, Wells Fargo acknowledged that the Plaintiffs are in "active review [sic] our Loss Mitigation/Collections department to determine which workout options are available for the [Plaintiffs'] loan."    Oddly, in the same letter, Wells Fargo also stated, apparently in response to a prior letter from Counsel, that Wells Fargo would like to offer their regrets that they "did not meet [Plaintiffs'] servicing expectations."    Wells Fargo also noted in this letter that "the review process may be time consuming and we thank you for your cooperation, patience, and willingness to provide us with the necessary information to fully complete our

-7-

COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK

1   review."    A true and correct copy of the Wells Fargo letter dated January 14, 2010 is attached

2   hereto as Exhibit "K", and by this reference is incorporated into and made a part of this complaint.

3        16.    Notwithstanding numerous telephone and written communications to Wells Fargo

4   requesting the opportunity to discuss a Loan Modification, Plaintiffs received a Notice of Default

5   Declaration dated January 11, 2010 from First American LoanStar Trustee Services, LLC

6   ("LoanStar"), who is acting as Trustee on behalf of Wells Fargo.    A true and correct copy of the

7   Notice of Default is attached hereto as Exhibit "L", and by this reference is incorporated into and

8   made a part of this complaint.    In that Declaration, executed by a Wells Fargo representative, it is

9   represented that Wells Fargo has contacted my Clients to "explore options for the borrower to

10  avoid foreclosure", as required by California Civil Code §2923.5 *et seq.* and/ or has exercised "due

11

12  diligence to contact the borrower."    However, that representation is not true, and neither of these

13  pre-conditions has been met by Wells Fargo, as confirmed by Counsel's numerous prior

14  communications to Defendants.    Notwithstanding the repeated efforts by Plaintiffs and their

15  Counsel, Wells Fargo has never provided any specific information regarding what loan

16  modification(s) may be available to the Plaintiffs.    Instead, the only communications from

17  Wells Fargo were the repeated requests for the same financial information, which has been

18  provided to Wells Fargo at least three times.

19

20       17.    On or about January 26, 2010, Wells Fargo caused to be recorded a Notice of

21  Default and of Election to Sell to be recorded in the Official Records of the County of San Diego,

22  California, alleging (a) that a breach of the obligation secured by the deed of trust had occurred,

23  consisting of Plaintiffs' alleged failure to make timely mortgage payments, and stating that the

24  Defendant, as beneficiary, is electing to sell, or cause to be sold, the trust property to satisfy that

25  obligation.

26

-8-

27                                                          **EX. A – PAGE  009**

28

18.     After receiving a copy of the Notice of Default, Counsel again wrote to Wells Fargo in a letter dated February 9, 2010.   In this letter, Counsel again advised Wells Fargo that it is the Plaintiffs' desire to explore what loan workout options may be available.   Counsel also again stated that the Plaintiffs very much want to remain in their home, and it is for that reason that Counsel was retained to attempt to facilitate a loan modification that would be acceptable to both parties, and which would enable these homeowners to remain in their home.   To further emphasize the efforts Plaintiffs were making to work out an arrangement that would allow them to keep their home, Counsel reminded Wells Fargo that over a period of more than seven months numerous letters have been written requesting a meaningful discussion regarding Loan Modification options for the Plaintiffs.   In his February 9 letter, Counsel noted that he had already written letters to Wells Fargo on July 20, 2009, July 29, 2009, September 11, 2009, October 14, 2009, November 23, 2009, December 21, 2009, and January 4, 2010.   Counsel further referenced the various telephone discussions Counsel had with different Wells Fargo representatives.   For example, as describe above, on or about December 16, 2009 Counsel talked to a Natalie in Wells Fargo's your bank's Loss Mitigation/Collections Department.   During the conversation with her, Counsel was told that after Wells Fargo receives the additional information requested, Plaintiffs will be contacted with information about the possible types of mortgage modifications.   However, even after months of effort by Plaintiffs and their Counsel, Wells Fargo has never provided information about what specific types of Loan Modifications may be available to the Plaintiffs.   Given the failure of Wells Fargo to properly respond to the Plaintiffs requests for Loan Modification options, Wells Fargo appears to be engaged in acts of bad faith by their failure to deal with Plaintiffs in good faith and fair dealing.   This fact became apparent when Plaintiffs received the Notice of Default without any meaningful effort by Defendants to discuss a

-9-

loan workout.      In his February 9 letter, Counsel also advised Wells Fargo that because of its failure to explore in good faith any loan modification possibilities, it is the intention of Plaintiffs to seek injunctive relief against Wells Fargo if the underlying default is pursued by Defendants without determining what loan modifications options may be available to Plaintiffs. Notwithstanding this notification to Wells Fargo, the Defendants have still not provided any meaningful discussion regarding this subject.      A true and correct copy of Counsel's February 9, 2010 letter to Wells Fargo is attached hereto as Exhibit "M", and by this reference is incorporated into and made a part of this complaint.

19.      Following Counsel's February 9, 2010 letter described above, Plaintiffs received additional letters from Wells Fargo.      One of these letters, dated March 1, 2010, Wells Fargo thanked the Plaintiffs (i.e. their Counsel) for "taking the time to speak with us today."      The letter went on to say that Wells Fargo values the Plaintiffs as customers, but needs "additional financial information to determine what option is best suited for [Plaintiffs'] situation."      Wells Fargo also sent another letter, of the same March 1, 2020 date.      This letter was identical to earlier Wells Fargo letters wherein it was stated that the Plaintiffs information has been forwarded to the Loss Mitigation/Collections department for their review.      A third letter, also dated March 1, 2010, was sent by LoanStar confirming that the information sent by Plaintiffs has been forwarded to Wells Fargo for "review and response."      True and correct copies of these three letters from Defendants are collectively attached hereto as Exhibit "N", and by this reference is incorporated into and made a part of this complaint.

20.      On the same date as the letters in Exhibit "N" were written by Defendants, Counsel for Plaintiffs talked by telephone to several Wells Fargo representatives.      One of these representatives, Heather Duffy, advised Counsel that her records indicated that the Plaintiffs'

-10-

request for a Loan Modification is "not in active review at this time."   Ms. Duffy was unable to explain why this was so.   In an effort to learn why the Plaintiffs' request for a Loan Modification was not being actively reviewed, Counsel also talked to two other Wells Fargo representatives. One of these individuals, by the name of Linda, was in Wells Fargo's Loss Mitigation/Collections Department.   Linda stated that she was not sure why the Plaintiffs' request was not in active review.   In another telephone conversation with a third Wells Fargo individual, by the name of Kris, Counsel was advised that the Loan Modification requests can sometimes take up to sixty (60) days.   Counsel informed this individual that the Plaintiffs efforts had actually being ongoing for many months, but nothing further of help was offered during the conversation.

21.   After Counsel's efforts to have a telephone conversation with a Wells Fargo representative who could be of assistance, at least in advising the Plaintiffs of the status of their request for a Loan Modification,  a letter dated March 15, 2010 was received by Plaintiffs.   In this letter, Wells Fargo stated the following:

> "Unfortunately, after carefully reviewing the information you provided, we are unable to adjust the terms of your mortgage.   This decision was made because you did not provide us with all the information needed within the time frame required per your initial trial modification period workout plan.   For that reason, you have not been approved for a mortgage loan modification."

In that Plaintiffs have never been offered by Wells Fargo any information regarding a "trial modification period workout plan," it is unclear as to what this reference by Defendants refers. A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "O", and by this reference is incorporated into and made a part of this complaint.

22.   About one month after the Wells Fargo letter of March 15, Counsel received another letter from Defendants, this one dated April 16, 2010.   In this letter, Wells Fargo states that they "were previously advised that the above referenced mortgagor has retained your office to

-11-

represent them."   The letter that asks that Counsel "confirm that your office still represents the

mortgagor(s), which Counsel did do.         Shortly after receiving this letter, Plaintiffs received

Wells Fargo's Notice of Trustee's Sale, dated April 27, 2010.      A true and correct copy of this

letter from Wells Fargo is attached hereto as Exhibit "P", and by this reference is incorporated into

and made a part of this complaint.

23.   In spite of Plaintiffs' efforts to discuss with Defendants a possible loan workout

plan, Defendants issued a Notice of Trustee's Sale dated April 27, 2010.      This Notice states that

the Plaintiffs' home will be sold at public auction on May 17, 2010 at 10:00 a.m. at the San Diego

County Courthouse.   A true and correct copy of this Notice of Trustee's Sale is attached hereto as

Exhibit "P", and by this reference is incorporated into and made a part of this complaint.

24.   Upon receiving the Notice of Sale, Counsel sent a letter to Wells Fargo and

LoanStar, on or about May 6, 2010, advising them of my clients' intention to seek a temporary

restraining order and/or preliminary injunction to stop the intended sale.   Included with the letter

was a copy of Plaintiffs' complaint and relating filings.   A true and correct copy of Counsel's letter

is attached hereto as Exhibit "Q", and by this reference is incorporated into and made a part of this

complaint.      In response to this letter, a Lisa Spikech ("Spikech") from LoanStar sent an email

dated May 10, 2010 stating that the Sale was being "postponed for two weeks for Wells Fargo to

review the complaint in regards to the loan modification."      The communication from Spikech

also stated that the sale was being "postponed to 6/01/10 ...with the understanding that Wells

Fargo will provide an update no later than 5/26/10 and if they do not, you will need to take action

in the filing of the Ex Parte application for [sic] TRO.   Thank you for your consideration in not

filing the Ex Parte for TRO today."      A true and correct copy of this communication from

-12-

EX. A – PAGE 013

1   LoanStar is attached hereto as Exhibit "R", and by this reference is incorporated into and made a

2   part of this complaint.

3       25.    After receiving the email included as Exhibit "R" from LoanStar, Counsel heard

4   nothing further from either Wells Fargo or LoanStar until Counsel began attempts to find out the

5   status of Wells Fargo's "review of the complaint in regards to the loan modification."   Finally,

6   after leaving several telephone messages, Counsel received an email from Spikech dated June 3,

7
8   2010 stating that the Sale was scheduled for June 15, 2010 "per the client [i.e. Wells Fargo] to

9   allow time for review of the file."    A true and correct copy of this communication from

10  LoanStar is attached hereto as part of Exhibit "R", and by this reference is incorporated into and

11  made a part of this complaint.    In response to this LoanStar communication, Counsel sent an

12  email to Spikech the same day, June 3.   In that communication advised Spikech that Counsel

13  would in Atlanta, Georgia on other business until the evening of June 14, the day before the

14
15  scheduled Sale, and was therefore requesting a further postponement of the Sale.    A copy of

16  Counsel's follow-up request to LoanStar is also included within this Exhibit.

17      26.    As has repeatedly occurred, as the days grew closer to the scheduled June 15 Sale

18  date approached, Counsel again attempted to learn what Wells Fargo's review had determined and

19  what was the intention of that defendant regarding the upcoming Sale.    After not hearing

20  anything back from either LoanStar or Wells Fargo, Counsel sent a follow-up email on or about

21  June 8, 2010 asking about the status of this matter.    In this communication, Counsel advised

22  Spikech that nothing had been heard by Plaintiffs, and reminding Spikech of Counsel's conflicting

23  trip to Atlanta.    In response to Counsel's inquiry, Spikech wrote via email also dated June 3,

24  2010 that

25
26  ///

-13-

"At this time, I do not have any updates to offer you.   As of today, the sale is scheduled for 06/15/10 at 10:00 a.m.   I would like to be able to provide something, but they [i.e., Wells Fargo] have also made some changes and the contacts that I had have been transferred to other areas."

Apparently, LoanStar, in its role as Wells Fargo's trustee, has had as much difficulty getting responses from Wells Fargo as had the undersigned Counsel.      As the date of Counsel's trip out of town neared, additional efforts were made to postpone the Sale.      As a result of my insistence, Spikech made further efforts to contact Wells Fargo.      As a follow-up communication, Spikech wrote to Counsel that she had "spoke to Vanessa at Wells Fargo in regards to any contact from the debtor.      She claims that the debtor has not contacted them, but they do have an LOA to speak with you [i.e., Counsel].      In order to request a postponement of a sale for a loan modification, you or your client will need to contact them at [telephone number] for any resolution."      Counsel went to Atlanta the next day, June 9.      In between Counsel's meetings and work regarding other clients, Counsel made numerous telephone calls to Wells Fargo using the suggested number, and spoke to three different individuals.      Each of these persons said either they did not have the authority to postpone the Sale and/or they would need to see updated financials from the Plaintiffs to consider a postponement of the Sale.      By the conclusion of these out-of-town telephone conversations, Counsel came to the realization that after months and months of effort in this matter, Counsel was continuing to experience the same dead-ends and unsuccessful efforts get Wells Fargo to provide a substantive discussion with the Plaintiffs regarding about what loan modification options, if any, may be available to them.      As a final effort to avoid asking for the Court's assistance, Counsel attempted to contact Spikech on the morning of June 14, 2010, but could only leave a telephone message asking for updated status in this matter.

-14-

27.     In view of the repeated failure of Wells Fargo to properly respond in good faith to my Clients' ongoing efforts regarding loan modification options, Wells Fargo has been engaged in acts of bad faith.     After almost ten (10) months of efforts by the Plaintiffs, and then by their Counsel, Wells Fargo has never provided Plaintiffs with information about possible types of loan modifications.        In the Notice of Default Declaration referenced above, a Wells Fargo representative states that the bank has contacted Plaintiffs to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 et seq. and/ or has exercised "due diligence to contact the borrower."      Wells Fargo has done neither of these.     As a result, Plaintiffs are now asking, via this complaint and related filings, for the Court's assistance.     In filing this complaint, Plaintiffs acknowledge that the Defendants are not obligated to provide a Loan Modification that is unreasonable, or unfair to either Wells Fargo or the Plaintiffs. However, Defendants are obligated, and required by law, to act in good faith and fair dealing with regard to Plaintiffs' request for information about possible loan workout options.

### III.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Declaratory Relief by Plaintiffs against All Defendants)

28.     Plaintiffs refer to and re-allege each and every allegation contained in Paragraphs 1. through 27. above, and by this reference incorporates, as though fully set forth herein, said Paragraphs.

29.     On or about October 27, 2006, for valuable consideration, Plaintiffs, as borrowers, made, executed and delivered to defendant Wells Fargo Bank, N.A., a written promissory note in the amount of five-hundred and sixty-four thousand ($564,000.00) .   A copy of the promissory note is attached hereto as Exhibit "P", and by this reference is incorporated into and made a part of

-15-

this complaint.

30.   To secure payment of principal sum and interest as provided in the note and as part of the same transaction, Plaintiffs, as trustors, executed and delivered to defendant Wells Fargo Bank N.A. as beneficiary, a deed of trust dated October 26, 2006, by terms of which the Plaintiffs, as trustors, conveyed to defendant Wells Fargo Bank N.A., as trustee, the real property described in the attachment within Exhibit "P".   On November 9, 2006 the deed of trust was recorded against the subject property in the official Records of the County of San Diego, California.   A true and correct copy of the Deed of Trust is also included within Exhibit "P".

31.   On or about January 26, 2010, defendant Wells Fargo Bank N.A. caused to be recorded a Notice of Default and of Election to Sell in the Official Records of the County of San Diego, California, alleging (a) that a breach of the obligation secured by the deed of trust had occurred, consisting of Plaintiffs' alleged failure to make timely mortgage payments, and stating that the Defendant, as beneficiary, is electing to sell, or cause to be sold, the trust property to satisfy that obligation.   A true and correct copy of this Notice of Default is attached hereto as Exhibit "Q", and by this reference is incorporated into and made a part of this complaint.

32.   In spite of Plaintiffs' efforts to discuss with Defendants a possible loan workout plan, Defendants issued a Notice of Trustee's Sale dated April 27, 2010.   This Notice states that the Plaintiffs' home will be sold at public auction on May 17, 2010 at 10:00 a.m. at the San Diego County Courthouse.   A true and correct copy of this Notice of Trustee's Sale is attached hereto as Exhibit "R", and by this reference is incorporated into and made a part of this complaint.

33.   A breach of the obligation for which the deed of trust is security has occurred by virtue of the failure by Wells Fargo and LoanStar to act in good faith and fair dealing with regard to Plaintiffs' efforts to obtain a loan modification.   This breach by Wells Fargo is based upon that

-16-

Defendant's failure to provide information and/or the opportunity to learn what loan modification programs may be available to Plaintiffs.     As a result, an actual controversy exists between Plaintiff and Defendants concerning their respective rights and duties pertaining to the subject property and the described transactions in that Plaintiffs allege that Defendants breached their duty of good faith and fair dealing.

<u>SECOND CAUSE OF ACTION</u>

(Injunctive Relief by Plaintiffs Against All Defendants)

34.     Plaintiffs refer to and re-allege each and every allegation contained in Paragraphs 1. through 33. above, and by this reference incorporates, as though fully set forth herein, said Paragraphs.

35.     Plaintiffs desire a judicial determination and declaration of Plaintiffs' and Defendant's respective rights and duties; specifically, that the Defendants failed to cooperate with Plaintiffs with regard to consideration of a possible loan modification that would prevent Plaintiffs' home from being sold at a foreclosure sale.     Such a declaration is appropriate at this time so that the Plaintiffs may determine their rights and duties before the subject property is sold by Defendants.

36.     Defendants  intend to sell, and unless restrained will sell or cause to be sold the subject property, all to plaintiff's great and irreparable injury in that Defendants have given notice that the trustee sale of the property will take place on May 17, 2010 at 10:00 a.m.     If the sale takes place as scheduled, Plaintiffs will have no right to redeem the subject property from the sale, causing them to forfeit their home.

37.     The scheduled sale is wrongful and should be enjoined by virtue of the facts alleged in the above paragraphs.     Plaintiffs have no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent

-17-

1    irreparable loss to Plaintiffs' interests.

2

3                    ### THIRD CAUSE OF ACTION

4              (Accounting by Plaintiffs Against All Defendants)

5        38.    Plaintiffs refer to and re-allege each and every allegation contained in Paragraphs

6    1. through 37. above, and by this reference incorporates, as though fully set forth herein, said

7    Paragraphs.

8        39.    The amount of money Plaintiffs owe to Defendants is uncertain to Plaintiffs and

9    cannot be determined without and accounting.

10

11   WHEREFORE, Plaintiffs demand judgment as follows:

12       1.    That the Court issue a declaration of the rights and duties of the parties; specifically

13   whether Defendants committed, among other wrongs, a breach of the duty of good faith and fair

14   dealing, as imposed by California law, as well as Defendants failure to adhere to their own

15   procedures regarding Plaintiffs' request for information regarding a loan modification.

16       2.    That the Court issue a temporary restraining order, and a preliminary injunction,

17   restraining Defendants Wells Fargo Bank, N.A. and First American LoanStar Trustee Services,

18   LLC, and their agents, attorneys, successors, and representatives and all persons acting in concert

19   or participating with them, from selling, attempting to sell, or causing to be sold the subject

20   property either under the power of sale in the deed of trust or by foreclosure action.

21       3.    That the Court render an accounting between Plaintiffs and Defendants Wells

22   Fargo Bank, N.A. and LoanStar to determine the amount that Plaintiffs actually owe to

23   Defendants.

24       4.    That Plaintiffs recover reasonable attorney fees and costs incurred in this action,

25                                    -18-

26

27

28

1   and that the Court award all other appropriate relief.

2   DATED: June /Y, 2010                    LAW OFFICES OF NEWELL E. CUMMING

3

4                                      By: _____
                                           Newell E. Cumming, Esq.
5                                          Attorney for Plaintiffs Robert R. Moreno and
                                           Susan A. Adcock
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -19-

27   _____

28                   COMPLAINT BY ROBERT MORENO AND SUSAN ADCOCK            EX. A – PAGE  020

Jul 16 09 01:41p    Susie Adcock         7607493004              p.2



Return Mail Operations
P.O. Box 10368
Des Moines, IA 50306-0368

July 09, 2009

012100 1 AT 0.357   4100/012100/007385 043 02 AC034F LC176 708
Robert R Moreno
Susan A Adcock
PO Box 1410
Valley Center CA  92082-1410

Dear Robert R Moreno & Susan A Adcock :

RE: Loan Number 0069780674, Client 708

After reviewing the information you provided, we must advise you your
request for Loan Modification
has been denied for the following reason(s):

This request would be outside of your investor
guidelines.

There may be other alternatives that will assist you but are contingent
upon agency investor approval.  They are, but may not be limited to:

Pre-Foreclosure Sale: Requires the sale of your home in order
to satisfy the mortgage/deed of trust. Deed in Lieu of
Foreclosure: voluntarily transfers the interest in your
property to Wells Fargo Home Mortgage.

If you would like to discuss this decision or would like to consider
other options, please call us at (800) 848-9862, Monday through Friday,
8 AM to 8 PM, Central Time.

**Exhibit "A"**

**EX. A – PAGE  021**

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.          012100/007385 AC034F 4180 ETH41C002

For additional assistance, you may also call Consumer Credit Counseling Services at (800) 569-4287.

Sincerely,

Borrower Counseling Services

Wells Fargo Bank, N A is required by the Fair Debt Collection Practices Act to inform you that if your loan is currently delinquent or in default, as your loan servicer, we will be attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N A will only exercise its right as against the property and is not attempting any act to collect the discharge debt from you personally.

Jul 16 09 01:41p       Susie Adcock              7607493004              p.1

July 16th, 2009

To: Newell Cumming

From: Robert Moreno

Re: Denial letter from Wells Fargo

The following two pages are the denial letter from Wells Fargo. As per your request, I am faxing them to you. After you have looked at them, please call so I know what the next step will be. As always, I appreciate your knowledge and counsel.

Respectfully,

Robert Moreno

RM:sa

EX. A – PAGE 023

JUL 21 09 12:15p     Susie Adcock                    7607455004                        p.1

## LAW OFFICES OF NEWELL E. CUMMING

149 South Fig Street, Suite L
Escondido, CA 92025

TEL: (760) 747-8680
FAX: (760) 747-8644                                    NECLAWYER@GLOBAL.NET

CALIFORNIA ○ NEVADA ○ GEORGIA

**VIA FACSIMILE (866) 917-1877 AND U.S. MAIL**

July 20, 2009

Wells Fargo Home Mortgage
P.O. Box 10368
Des Moines, IA 50306-0368

         Re:    Loan No. 0069780674
                Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

        My office represents Robert R. Moreno and Susan A. Adcock ("Client") with regard to their efforts to modify the above-referenced home mortgage loan with Wells Fargo Home Mortgage.

        Please accept this letter as a follow-up to my telephone conversation yesterday with an individual in Wells Fargo's Loan Modification Department.   The individual I spoke with indicated that upon the receipt of an authorization signed by my Client, Wells Fargo will be able to fully discuss this matter directly with me.

        As confirmed by Mr. Moreno's signature below, Wells Fargo is authorized to speak with me directly on behalf of my Client with regard to all matters relating to the above-referenced loan, and my Client's efforts to modify it.  I look forward to working with Wells Fargo to resolve this matter in a mutually acceptable manner.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

        As confirmed by my signature below, Newell E. Cumming, Esq. is authorized to fully represent me and my wife Susan A. Adcock with regard to the above-referenced matter, and Wells Fargo may discuss with Mr. Cumming any and all matters relating thereto.

        Dated: 7/21/09                          Robert R. Moreno
                                                Robert R. Moreno

Exhibit "B"

EX. A – PAGE  024

# LAW OFFICES OF NEWELL E. CUMMING

### 145 SOUTH FIG STREET, SUITE L
### ESCONDIDO, CA 92025

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA ○ NEVADA ○ GEORGIA*

# FAX

| To: | Wells Fargo Home Mortgage | DATE: | July 21, 2009 |
|---|---|---|---|
| FIRM/CO: | | NO. OF PGS: | 2 inc. cover sheet |
| RE: | Letter of authorization re. Robert Moreno | FAX NO: | (866) 917-1877 |

To Whom It May Concern:

Following this cover sheet is a copy of a signed letter from my clients, Robert M. Moreno and Susan A. Adcock, authorizing Wells Fargo Home Mortgage to discuss with me any and all matters relating to my clients' efforts to modify their home mortgage loan with Wells Fargo Home Mortgage.

I have been advised by Wells Fargo that upon receipt of my client's written authorization, your bank's Loan Modification Department will be able to discuss this matter.

Newell E. Cumming, Esq.
(760) 747-6600

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THIS TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL, AND INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT CERTAIN WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

HP Officejet J4500 All-In-One s

| | Fax Log for |
| --- | --- |
| | Newell Cumming |
| | 7607476644 |
| | Jul 21 2009 2:25PM |

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
| --- | --- | --- | --- | --- | --- | --- |
| Jul 21 | 2:24PM | Fax Sent | 18669171877 | 1:18 | 2 | OK |

Note:

Image on Fax Send Report is set to Off

An image of page 1 will appear here for faxes that are sent as Scan and Fax.

**EX. A – PAGE 026**



Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus

September 24, 2009

Newell E. Cumming
Law Offices of Newell E. Cumming
145 South Fig Street, Suite L
Escondido, CA 92025

Dear Newell E. Cumming:

RE:   Robert R. Moreno and Susan A. Adcock
      Loan Number 708-0069780674

Wells Fargo Home Mortgage (WFHM) received correspondence regarding the above referenced mortgage loan. Due to your legal representation of our borrower(s), I am able to respond directly to you. I have reviewed the information presented and would like to provide you with the details of my research.

Thank you for taking the time to write us regarding their situation and the expected difficulties they face in keeping their loan current. Regrettably, only the representatives in our Collections Department have the specialized training and authority to establish workout arrangements. Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Collections representative. Therefore, it is imperative for you or the homeowners to call our Collections Department to determine what options are available to assist you in preventing their loan from going further into default.

You may contact the Collections Department at (800) 678-7986. A representative is available to assist you Monday through Friday, 7:00 a.m. to 9:30 p.m.; and Saturday, 8:00 a.m. to 2:00 p.m., Central Time. Please be prepared to provide financial information, which may include information from their paystub or Federal Tax Return.

Wells Fargo Home Mortgage is committed to serving the needs of our customers. If you have any additional questions or need clarification regarding the information provided, please call us toll-free at (877) 501-0871, extension 46674. I am available to assist you Monday through Friday, 6:30 a.m. to 3:00 p.m., Central Time.

Sincerely,

Andrew Mitchell
Written Customer Contact

Exhibit "C"

Authorized users may also access loan information.
Representatives are available for assistance Monda

PC003/lg3/ge123942

EX. A – PAGE   027

Wells Fargo Home Mortgage
is a division of Wells Fargo Bank, N.A.

# LAW OFFICES OF NEWELL E. CUMMING

**145 SOUTH FIG STREET, SUITE L**
**ESCONDIDO, CA 92025**

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA • NEVADA • GEORGIA*

<u>VIA FACSIMILE (866-917-1877) AND U.S. MAIL</u>

October 14, 2009

Wells Fargo Home Mortgage
P.O. Box 10368
Des Moines, IA 50306-0368

     Re:   <u>Loan No. 0069780674</u>
            Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

    As Wells Fargo Home Mortgage already knows, my office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced residential mortgage loan with Wells Fargo Home Mortgage ("Wells Fargo").

    Your bank has already been advised that my Clients' income has been significantly reduced because of a slow-down in the amount of business Mr. Moreno's company, Automotive Specialists, has been doing during this past year.   The Moreno's financial resources have now been depleted to the point where their ability to continue making the monthly mortgage payments is threatened. The good news regarding this, however, is that my Clients prefer, if possible, to work out a modification with Wells Fargo that would enable them to remain in their home, as opposed to walking away from the property, as so many other homeowners are choosing to do.

    As part of my effort on behalf of my clients to have their mortgage payments reduced to a manageable amount, I have had several telephone discussions with Wells Fargo representatives. During my last such discussion, I was requested to provide your bank with additional financial information about my Clients.   Specifically, Wells Fargo asked for detailed information regarding my Clients' monthly income and expenses.   Attached to this letter is the requested information, including a summary of those amounts, with a listing of the Moreno's specific monthly expenses.

    After Wells Fargo has had an opportunity to review the enclosed information, please contact the undersigned to discuss what options are available to my clients to assist them during this very difficult period.   Thank you.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

                              Exhibit "D"

cc: Robert Moreno

# LAW OFFICES OF NEWELL E. CUMMING

### 145 SOUTH FIG STREET, SUITE L
### ESCONDIDO, CA 92025

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA ○ NEVADA ○ GEORGIA*

# FAX

| TO: | Wells Fargo Home Mortgage | DATE: | October 14, 2009 |
|-----|---------------------------|-------|------------------|
| FIRM/CO: | | NO. OF PGS: | 3 inc. cover sheet |
| RE: | Loan No. 0069780674<br>Robert Moreno & Susan Adcock | FAX NO: | (866) 917-1877 |

Please see following letter and attachment.

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THIS TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL, AND INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT CERTAIN WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

# LAW OFFICES OF NEWELL E. CUMMING

**145 SOUTH FIG STREET, SUITE L**
**ESCONDIDO, CA 92025**

TEL: (760) 747-6600                                          NECLAW@SBCGLOBAL.NET
FAX: (760) 747-6644

*CALIFORNIA ○ NEVADA ○ GEORGIA*

<u>VIA FACSIMILE (866-917-1877) AND U.S. MAIL</u>

October 14, 2009

Wells Fargo Home Mortgage
P.O. Box 10368
Des Moines, IA 50306-0368

      Re:    <u>Loan No. 0069780674</u>
              Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

As Wells Fargo Home Mortgage already knows, my office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced residential mortgage loan with Wells Fargo Home Mortgage ("Wells Fargo").

Your bank has already been advised that my Clients' income has been significantly reduced because of a slow-down in the amount of business Mr. Moreno's company, Automotive Specialists, has been doing during this past year. The Moreno's financial resources have now been depleted to the point where their ability to continue making the monthly mortgage payments is threatened. The good news regarding this, however, is that my Clients prefer, if possible, to work out a modification with Wells Fargo that would enable them to remain in their home, as opposed to walking away from the property, as so many other homeowners are choosing to do.

As part of my effort on behalf of my clients to have their mortgage payments reduced to a manageable amount, I have had several telephone discussions with Wells Fargo representatives. During my last such discussion, I was requested to provide your bank with additional financial information about my Clients. Specifically, Wells Fargo asked for detailed information regarding my Clients' monthly income and expenses. Attached to this letter is the requested information, including a summary of those amounts, with a listing of the Moreno's specific monthly expenses.

After Wells Fargo has had an opportunity to review the enclosed information, please contact the undersigned to discuss what options are available to my clients to assist them during this very difficult period. Thank you.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

                                        Exhibit "D"

cc: Robert Moreno

# LAW OFFICES OF NEWELL E. CUMMING

### 145 SOUTH FIG STREET, SUITE L
### ESCONDIDO, CA 92025

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA  ○  NEVADA  ○  GEORGIA*

# FAX

| To: | Wells Fargo Home Mortgage | DATE: | October 14, 2009 |
|---|---|---|---|
| FIRM/CO: | | NO. OF PGS: | 3 inc. cover sheet |
| RE: | Loan No. 0069780674<br>Robert Moreno & Susan Adcock | FAX NO: | (866) 917-1877 |

Please see following letter and attachment.

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THIS TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL, AND INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT CERTAIN WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

EX. A – PAGE 031

NOV-20-2009 09:56 From:                                     To:7607476644                P.1/2



Wells Fargo Home Mortgage
P.O. Box 9039
Temecula, CA 92589-9039



2227428905

Return Address only
Do not send payments to this address

11/15/2009

                    22573/708DAY/WY/A

‖l.ll...ill..lll.,.‖lllll...ll..ill..il.ill...ll.l.l...lll.ll.l
ROBERT R MORENO
SUSAN A ADCOCK
PO BOX 1410
VALLEY CENTER, CA 92082-1410
‖l.ll...lll.l...l.l..l.l..ll..l.l...l.ll...ull.llll...ll.l.ll

Dear Borrower(s):                                   RE: Loan Number 0069780674

Our records indicate that your loan is in default. Unless the payments on your loan can be brought current by December 15,
2009, it will become necessary to accelerate your Mortgage Note and pursue the remedies provided for in your Mortgage or
Deed of Trust. The total delinquency against your account as of today's date is as follows:

| | | |
|---|---|---|
| Past Due Payments | $ | $7,241.92 |
| Late Charge Balance | $ | $152.75 |
| Other Fees | $ | $0.00 |
| Unapplied Funds | -$ | $0.00 |
| **Total Delinquency as of 11/15/2009** | $ | **$7,394.67** |

To avoid the possibility of acceleration, you must pay this amount plus any additional monthly payments, late charges and
other charges that may be due under applicable law after the date of this notice and on or before December 15, 2009 in
CERTIFIED funds, to Wells Fargo Home Mortgage, 1 Home Campus, X2302-04A, Des Moines, IA 50328.

If funds are not received by the above referenced date, we will proceed with acceleration. Once acceleration has occurred,
we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the home
or pursue any other remedy permitted under the terms of your Mortgage.

You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration. However, any future
negotiations attempting to reinstate your loan or any payment of less than the full amount due shall not require Wells Fargo
Bank, N.A.'s waiver of the acceleration unless otherwise agreed to, in writing, by Wells Fargo Bank, N.A.

If acceleration is initiated, you will have the right to refute the existence of a default or offer any other defense to
acceleration you may deem appropriate. You have the right to bring a court action to assert the non-existence of a default or
any other defense you may have to acceleration and sale.

We are required by federal law to notify you of the availability of government approved home ownership counseling
agencies designed to help homeowners avoid losing their home. To obtain a list of approved counseling agencies for your
state please call 1-800-569-4287. We urge you to give this matter your immediate attention.

Exhibit "E"                                                    EX. A – PAGE  032

                                                    22573/708DAY/WY/A
                                                    ( 0-124 ( ( IT0/9/1 · 1- IDCI IIP/IRX

If you would like to discuss the present condition of your loan, or if we can be of further assistance, please call one of our Loan Service Representatives at 1-800-416-1472, Monday through Friday from 8:00 a.m. to 8:00 p.m. Central Time.

Sincerely,

Wells Fargo Home Mortgage
Default Management Department

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EX. A – PAGE 033

22373.70R.DAY30.CA4



**Wells Fargo Home Mortgage**
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

December 10, 2009

Newell Cumming
145 S Fig St, Suite L
Escondido, CA 92025

Dear Newell Cumming:

RE:    Robert R. Moreno & Susan A. Adcock
       Loan Number 708-0069780674

Wells Fargo Home Mortgage received correspondence regarding the above referenced mortgage loan. Our company recognizes that these are unprecedented and financially difficult times for many borrowers and we welcome the opportunity to provide assistance.

Thank you for taking the time to write us regarding the hardships you are experiencing. Regrettably, only the representatives in our Loss Mitigation/Collections department have the specialized training and authority to establish repayment arrangements. Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Loss Mitigation/Collections specialist. Therefore, it is imperative for you to call our Loss Mitigation/Collections department to determine what options are available to assist you in bringing your loan current and prevent your loan from going further into default. Your correspondence indicates you forwarded us information on October 14, 2009. Regrettably our records do not reflect receiving any documents in October, 2009.

You may contact the Loss Mitigation/Collections Department at (800) 678-7986. A specialist is available to assist you Monday through Friday, 7:00 a.m. to 9:30 p.m.; and Saturday, 8:00 a.m. to 2:00 p.m., Central Time. Please be prepared to provide financial information, which may include information from your paystub or Federal Tax Return.

If you have any additional questions or need clarification regarding the information provided, please contact me directly at (877) 501-0871, extension 45480. I am available to assist you Monday through Friday, 8:30 a.m. to 5:00 p.m., Central Time.

Sincerely,

Heather Duffy
Written Customer Contact

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt as this company has a security interest in the property and will only exercise its rights against the property.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**EX. A – PAGE 034**

PC003/J4N/ge1470            Exhibit "F"        Wells Fargo Home Mortgage
                                        is a division of Wells Fargo Bank, N.A.



**Wells Fargo Home Mortgage**
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

December 10, 2009

Newell Cumming
145 S Fig St, Suite L
Escondido, CA 92025

Dear Newell Cumming:

RE:   Robert R. Moreno & Susan A. Adcock
      Loan Number 708-0069780674

Wells Fargo Home Mortgage received correspondence regarding the above referenced mortgage loan. Our company recognizes that these are unprecedented and financially difficult times for many borrowers and we welcome the opportunity to provide assistance.

Thank you for taking the time to write us regarding the hardships you are experiencing. Regrettably, only the representatives in our Loss Mitigation/Collections department have the specialized training and authority to establish repayment arrangements. Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Loss Mitigation/Collections specialist. Therefore, it is imperative for you to call our Loss Mitigation/Collections department to determine what options are available to assist you in bringing your loan current and prevent your loan from going further into default. Your correspondence indicates you forwarded us information on October 14, 2009. Regrettably our records do not reflect receiving any documents in October, 2009.

You may contact the Loss Mitigation/Collections Department at (800) 678-7986. A specialist is available to assist you Monday through Friday, 7:00 a.m. to 9:30 p.m.; and Saturday, 8:00 a.m. to 2:00 p.m., Central Time. Please be prepared to provide financial information, which may include information from your paystub or Federal Tax Return.

If you have any additional questions or need clarification regarding the information provided, please contact me directly at (877) 501-0871, extension 45480. I am available to assist you Monday through Friday, 8:30 a.m. to 5:00 p.m., Central Time.

Sincerely,

*Heather Duffy*

Heather Duffy
Written Customer Contact

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt as this company has a security interest in the property and will only exercise its rights against the property.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

PC003/J4N/ge1497(

Exhibit "F"

**EX. A – PAGE 035**

Wells Fargo Home Mortgage
is a division of Wells Fargo Bank, N.A.



Return Mail O-   ions
P.O. Box 1036
Des Moines, IA 50306-0368

December 11, 2009

009048 1 AB 0.360    1048/009048/002328 045 01 AC33DM DF031 708
Law Offices Of Newell E Cumming
Suite L
145 S Fig St
Escondido CA  92025-4453

Dear Law Offices Of Newell E Cumming:

RE: Attorney Representation
    Loan Number 0069780674, Client 708
    Borrower: Robert R Moreno
    Co-Borrower: Susan A Adcock

We were previously advised that the above referenced mortgagor has
retained your office to represent them.

Please confirm that your office still represents the mortgagor(s). If we
do not receive a response within 15 days from the date of this letter, we
will assume that you no longer represent them. This information can be
faxed to (866) 917-1877.

( X ) Still fully retained and representing mortgagor
( )  No longer representing mortgagor

Thank you.

Sincerely,

Wells Fargo Home Mortgage

*12-16-09 copy mailed to RM*

Exhibit "G"

EX. A – PAGE  036



HP Officejet J4500 All-In-One series

**Fax Log for**
Newell Cumming

7607476644
Dec 16 2009 1:07PM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| Dec 16 | 1:06PM | Fax Sent | 18669171877 | 0:46 | 1 | OK |

Note:
  Image on Fax Send Report Is set to Off

  An image of page 1 will appear here for faxes that are sent as Scan and Fax.

DEC-21-2009 16:11 From:                                           To:7607476644                    P.1/3

Dec 21 09 04:00p     Newell Cumming                               76074   4              p.1

## LAW OFFICES OF NEWELL E. CUMMING

143 SOUTH FIG STREET, SUITE L
ESCONDIDO, CA 92025

TEL:  (760) 747-6600                                              NECLAW@SBCGLOBAL.NET
FAX:  (760) 747-6344

*CALIFORNIA □ NEVADA □ GEORGIA*

**VIA FACSIMILE (866-359-7363) AND U.S. MAIL**

December 21, 2009

Loss Mitigation Dept.
Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

     Re:     Loan No. 0069780674
             Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

     As the records of Wells Fargo Home Mortgage ("Wells Fargo") will confirm, my law office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced home mortgage loan.     My assistance has been requested with regard to my Clients' attempt to modify their loan with Wells Fargo, and thereby be able to remain in their home.

     Several months ago, Wells Fargo had requested that I provide information about my Clients' monthly income and expenses.     On October 14, 2009, I sent the requested information to your bank.     After sending that information, I received no further communication from Wells Fargo until your bank's letter of December 10, 2009, wherein it was requested that I contact the Loss Mitigation/Collections Department, which I did.     On December 16, 2009, in that department I talked to Natalie, who requested (again) that updated financial information about my Clients be sent to Wells Fargo.     This letter, and its enclosures, will provide the additional information requested.

     In addition to information about my Clients' business, Automotive Specialists, LLC, Wells Fargo also requested wage details regarding Susan Adcock.

     Copies of the following additional information requested by Wells Fargo is enclosed:

     1.     Balance Sheets for Automotive Specialists, LLC for the months of September, October, and November 2009.

Exhibit "H"

Wells Fargo Home Mortgage
December 21, 2009
Page Two

2.      Profit & Loss Statements for Automotive Specialists, LLC for the months of
        September, October, and November 2009.

3.      Current pay Stubs for Susan Adcock reflecting her employment at the Valley
        Center Pauma Unified School District and Automotive Specialists, LLC.

        I was also advised that an explanation of my Clients' financial hardship needs to be
provided.    Although several letters have already been sent to Wells Fargo describing my
Clients hardship, and the reason they have found themselves in such a difficult financial
situation, here again is the reason.

        As with many small businesses affected by the economic downturn, my Client's
business, an automotive repair facility, has slowed down significantly.    As a result, the
compensation received by Mr. Moreno, the owner, has also been significantly reduced.    With
his lower income, it has been difficult for my Clients to pay all of their creditors, including
Wells Fargo.  Copies of my earlier letters to Wells Fargo, dated October 14, 2009 and
November 23, 2009, are enclosed for your convenience.  .

        As an aside, please note that Mr. Moreno's business has improved somewhat during
the past several months, as shown in the enclosed financial statements.    Because of this, my
Client was able to take home an increased amount of compensation.    However, when Mr.
Moreno's monthly income is averaged over the past twelve-month period, it will be apparent
why my Clients are in such financial straits.    Worst of all, their financial resources have been
depleted to the point where they are no longer able to continue making their monthly
mortgage payments to Wells Fargo.

        However, as previously noted, there is good news regarding this matter:  My Clients
are trying to do whatever they can to work out a loan modification with Wells Fargo that
would enable them to make regular monthly payments, and thereby avoid losing their home.
In addition, my Clients believe that a modified loan with Wells Fargo, combined with an
improved business economy next year, they will be able to remain in their home.

        Although Wells Fargo already has a letter with my Clients' original signatures
authorizing me to represent them in this matter, I was requested to have my Clients'
signatures with this letter.    Per your request, my Clients' signatures appear below.

        During my telephone conversation with Natalie, I was advised that upon receipt of the
enclosed information, Wells Fargo would review this case and let us know what types of

Dec 21 09 04:01p      Newell Cumming                    7607.     44              p.3

Wells Fargo Home Mortgage
December 21, 2009
Page Three

modification and debt relief may be available to my Clients.     We look forward to hearing
back from you.

        Thank you.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

Enc.

Robert Moreno                               12-21-09
                                            Date

HP Officejet J4500 All-in-One s(   )

**Fax Log for**
Newell Cumming
7607476644
Dec 21 2009 5:18PM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| Dec 21 | 5:17PM | Fax Sent | 18663597363 | 1:28 | 3 | OK |

Note:

Image on Fax Send Report is set to Off

An Image of page 1 will appear here for faxes that are sent as Scan and Fax.

EX. A – PAGE 041

# LAW OFFICES OF NEWELL E. CUMMING

**145 SOUTH FIG STREET, SUITE L**
**ESCONDIDO, CA 92025**

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA ○ NEVADA ○ GEORGIA*

<u>VIA FACSIMILE (866-359-7363) AND U.S. MAIL</u>

January 4, 2010

Loss Mitigation Dept.
Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

    Re:    Loan No. 0069780674
           Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

As the records of Wells Fargo Home Mortgage ("Wells Fargo") will confirm from my numerous prior letters, my law office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced home mortgage loan. My assistance has been requested with regard to my Clients' attempt to modify their loan with Wells Fargo, and thereby be able to remain in their home.

In response to my earlier communications, Wells Fargo continues to repeatedly request the same financial information about my Clients, notwithstanding the fact that the requested information has already been provided to your bank on at least two occasions. Although I understand that Wells Fargo, like other mortgage companies, is likely inundated with requests for loan modifications, I have been attempting for almost four months to resolve this matter.

For example, after receiving from Wells Fargo a request for my Clients' financial information, I sent to your bank on October 14, 2009 the requested information. After sending that information, I received no further communication from Wells Fargo until your bank's letter of December 10, 2009, wherein it was requested that I contact the Loss Mitigation/Collections Department, which I did. On December 16, 2009, I talked to Natalie in that department, and was again asked to provide updated financial information about my Clients.

Following my telephone conversation with Natalie, the financial information was (again) sent to Wells Fargo on December 21, 2009, including copies of my clients' balance sheets and profit & loss statements for Automotive Specialists, LLC, as well as current pay stubs for Susan Adcock.

Exhibit "I"

EX. A – PAGE 042

Wells Fargo Home Mortgage
January 4, 2010
Page Two

Even after complying with Wells Fargo's repeated requests for the same information, I have still not been contacted by your bank so that a meaningful and substantive discussion can be had to determine which loan modification options are available to my clients.    In that my clients have been unable to pay the full monthly amount of their mortgage, the delays caused by Wells Fargo to resolve this matter are resulting in further negative credit reports.

Of course, it is understandable that your bank would report to appropriate credit reporting agencies my Clients' past due status.   However, such reporting is now starting to adversely affect my Clients' automotive repair business, and their ability to acquire needed supplies.   As a consequence, the extensive delays by Wells Fargo to respond to my Clients' request for a loan modification have further worsened their financial condition.

As such, it is imperative that Wells Fargo contact me without delay so that my Clients can determine what options are available to ensure that they can remain in their home. Thank you.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

cc:  Robert Moreno

## LAW OFFICES OF NEWELL E. CUMMING

145 SOUTH FIG STREET, SUITE L
ESCONDIDO, CA 92025

TEL: (760) 747-6600
FAX: (760) 747-6644

NECLAW@SBCGLOBAL.NET

CALIFORNIA  ◦  NEVADA  ◦  GEORGIA



|  |  |  |  |
|---|---|---|---|
| **TO:** | Loss Mitigation Dept. | **DATE:** | January 5, 2010 |
| **FIRM/CO:** | Wells Fargo Home Mortgage | **NO. OF PGS:** | 3 inc. cover sheet |
| **RE:** | Loan No. 0069780674<br>Robert Moreno & Susan Adcock | **FAX NO:** | (866) 917-1877 |

Please deliver following letter and attachments to Loss Mitigation Dept.

UNLESS OTHERWISE INDICATED  OR  OBVIOUS FROM THE NATURE OF THIS TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL, AND INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE.   IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.   IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT CERTAIN WHETHER IT IS PRIVILEGED, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE.   THANK YOU.

EX. A – PAGE  044

**HP Officejet J4500 All-In-One se**

**Fax Log for**
Newell Cumming
7607476644
Jan 05 2010 1:40PM

---

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| Jan 5 | 1:38PM | Fax Sent | 18669171877 | 1:28 | 3 | OK |

**Note:**

Image on Fax Send Report Is set to Off

An Image of page 1 will appear here for faxes that are sent as Scan and Fax.

**EX. A – PAGE 045**

JAN-14-2010 06:55 From:                              To:7607476644          P.1/1

Wells Fargo Home Mortgage
3476 Stateview Blvd., MAC X7801-013
Fort Mill  SC  29715


January 07, 2010

Robert R Moreno
Susan A Adcock
PO Box 1410
Valley Center CA 92082


RE: Loan Number        0069780674                    Region 708
    Primary Number

THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY.   THIS IS NOT A DEMAND
FOR PAYMENT.

The above loan file has been referred to our attorney with instructions
to begin foreclosure proceedings.

You are hereby notified that, due to the default under the terms of
the mortgage or deed of trust, the entire balance is due and payable.

If you have any questions, please contact our attorney listed below.
          First American Loanstar
          Trustee Services Llc
          1 First American Way
          Westlake                TX, 76262
          (866) 798-0213

In the event you are experiencing an involuntary inability to
pay and wish to explore an opportunity to reinstate, or need
assistance in selling your property, please contact our offices
at (800) 848-9862 and request to speak to one of our Borrower
Counseling Representatives.

If you received a discharge in bankruptcy from personal liability for
this mortgage loan, you should be aware that the mortgage or deed of
trust remains as a valid lien against the property and will be fore-
closed.  Please be advised that in the event of foreclosure, you would
not be personally liable for any part of the debt, but you will lose
your interest in and rights to the property.

Sincerely,

Foreclosure Department
                                                 XF004/RD7
Note:  The Fair Debt Collection Practices Act requires us to notify you
that in the event your loan is in default, Wells Fargo Bank, N A
will attempt to collect the debt and any information obtained will
be used for that purpose.  However, if you have received a discharge,
and the loan was not reaffirmed in the bankruptcy case,
Wells Fargo Bank, N
as against the prope                                        .ect
the discharge debt f

                         Exhibit "J"

                                              EX. A – PAGE 046

** TOTAL PAGE.02 **



Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

VIA FACSIMILE (760) 747-6644

January 15, 2010

Newell E. Cumming
145 South Fig Street, Suite L
Escondido, CA 92025
Po Box 1410
Valley Center, CA 92082-0000

Dear Newell E. Cumming & Susan A Adcock:

RE:    Robert R Moreno
       Loan Number 708-0069780674

Wells Fargo Home Mortgage (WFHM) received correspondence regarding the above referenced loan. The authorization provided, allows me to respond directly to you. I have reviewed the information presented and would like to provide you with the details of my research.

I would like to offer my regrets, on behalf of Wells Fargo Home Mortgage, that we did not meet your servicing expectations. We recognize that the review process may be time consuming and we thank you for your cooperation, patience, and willingness to provide us with the necessary information to fully complete our review.

The agreements that are offered are done as a way to assist homeowners in bringing their loan current without going further in to collection activity, however it does not change the terms of the Note the homeowner signed at closing which reflects their payment is due on the first of each month. The late charges and credit bureau reporting are not suspended while in review for possible workout solutions. We are obligated to accurately report information to the credit agencies.

Our records reflect that the homeowner is in active review our Loss Mitigation/Collections department to determine which workout options are available for the homeowner's loan. Only our Loss Mitigation/Collections specialists have the specialized training and authority to determine options available for you; therefore, we encourage you to direct all questions pertaining to your review to them. Please keep in mind that financial information is very time sensitive. Therefore, we may require you to send us updated information, which reflects its status within the last 30 days.

You may contact the Loss Mitigation/Collection department at (800) 678-7986. Our specialists are available to assist you Monday through Friday, 7:00 a.m. to 9:30 p.m.; and Saturday, 8:00 a.m. to 2:00 p.m., Central Time.

If you have any additional questions or need clarification regarding the information provided, please contact me directly at (877) 501-0871, extension 45680. I am available to assist you Monday through Friday, 8:30 a.m. to 5:00 p.m., Central Time.

Sincerely,

Heather Duffy

Heather Duffy
Written Customer Contact

Authorized users may contact our Customer Service D............................. for assistance Monday through
Friday, 6:00 a.m. to

WC403/J4N/ge167.

Wells Fargo Home Mortgage
a division of Wells Fargo Bank, N.A.

Exhibit "K"

EX. A - PAGE 047



Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus
Des moines, IA 50328-0001

# Confidential Fax Cover Sheet

This facsimile transmission is confidential and may be privileged. It is intended for the use of the addressee only. If you are not the addressee (or a person responsible for delivering this transmission to the addressee), do not use this transmission in any way, but promptly contact the sender by telephone. Thank you.

| Date: | Time: |
|---|---|
| 1/15/2010 | 10:54 AM |
| To: | From: |
| Newell E. Cumming | Heather Duffy |
| | Wells Fargo Home Mortgage |
| Phone: | Phone: |
| | (877) 501-0871, extension 45680 |
| Fax: | Fax: |
| (760) 747-6644 | (515) 324-2420 |
| Number of pages (including cover sheet): 2 | |

**Message**

Wells Fargo Home Mortgage
Is a division of Wells Fargo Bank, N.A.

EX. A – PAGE 048

2230726665

Recording Requested By:
**First American Title Insurance Company**

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR
TRUSTEE SERVICES LLC
P.O. BOX 961253
FORT WORTH, TX 76161-0253**

CERTIFIED BY FIRST AMERICAN TITLE
INSURANCE COMPANY TO BE A COPY
OF THE DOCUMENT RECORDED ON 01/26/2010
AS INSTRUMENT NO. 2010-0038987
IN BOOK               PAGE
OFFICIAL RECORDS OF  SAN DIEGO

*Space above this line for Recorder's use only*

TS No. :        20109070800241
APN:            188-180-73-00
TSG No. :       4351982

Pursuant to California Code Section 2924c(b)(1) please be advised of the following:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$18,104.80 as of 01/22/2010,** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**90708-WELLS FARGO HOME MORTGAGE
c/o FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC
P.O. BOX 961253
FORT WORTH, TX 76161-0253**



Exhibit "L"

EX. A – PAGE 049

# NOTICE OF DEFAULT DECLARATION
## PURSUANT TO CALIFORNIA CIVIL CODE 2923.5

Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower: ROBERT R MORENO
Property Address:   14007 BERNABEO COURT
                     VALLEY CENTER   CA        92082

The undersigned mortgagee, beneficiary, or their authorized agent (collectively, the "Beneficiary") represent and declares that the requirements of CA Civil Code 2923.5 have been met. This Declaration is required for any residential owner occupied property in which the loan was originated between January 1, 2003 and December 31, 2007. Non-owner occupied property and vacant property are exempt from the requirements of CA Civil Code 2923.5.

One of the below necessary requirements was met by the Beneficiary:

* The Beneficiary has made contact with the borrower pursuant to CA Civil Code 2923(a)(2). Contact with the borrower was made in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

* Due Diligence to contact the borrower was exercised pursuant to CA Civil Code 2923.5(g)(2) by the Beneficiary.

* The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, Trustee, beneficiary, or authorized agent pursuant to CA Civil Code 2923.5(h)(1).

* The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to CA Civil Code 2923.5(h)(2).

* The borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to CA Civil Code 2923.5(h)(3).

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:    01/11/2010

                               Wells Fargo Home Mortgage

                               John Kennerty



# LAW OFFICES OF NEWELL E. CUMMING

### 145 SOUTH FIG STREET, SUITE L
### ESCONDIDO, CA 92025

TEL: (760) 747-6600
FAX: (760) 747-6644

NecLaw@sbcglobal.net

*CALIFORNIA ○ NEVADA ○ GEORGIA*

VIA U.S. CERTIFIED MAIL

February 9, 2010

Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mill, SC 29715

  Re: Wells Fargo Loan No. 0069780674
    Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

  As the records of Wells Fargo Home Mortgage ("Wells Fargo") will confirm from my numerous prior letters, my law office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced home mortgage loan. My assistance has been requested with regard to my Clients' attempt to modify their loan with Wells Fargo, and thereby be able to remain in their home.

  Wells Fargo has already been advised that my clients have been unable to make the full monthly mortgage payments because of a slowdown in Mr. Moreno's automotive repair business.  In that my Clients very much want to remain in their home, I have been retained to help facilitate with your bank a loan modification that would be acceptable to both my clients and Wells Fargo, and which would enable these homeowners to remain in their home.

  On behalf of my Clients, I have repeatedly written to Wells Fargo during the past seven (7) months requesting the opportunity to pursue some type of loan modification.  As your records should indicate, I have written to Wells Fargo on July 20, 2009, July 29, 2009, September 11, 2009, October 14, 2009, November 23, 2009, December 21, 2009, and January 4, 2010.

  I have also had numerous telephone discussions with various Wells Fargo representatives.  For example, on or about December 16, 2009, I talked to a Natalie in your bank's Loss Mitigation/Collections Department. During my conversation with her, I was told that after Wells Fargo receives the additional information requested, I will be contacted with information about the possible types of mortgage modifications.

  Notwithstanding my efforts and letters, and your representative's promise, Wells Fargo has still not provided any information regarding what loan modification(s) may be available to my Clients.  Instead, the only communications from your bank have been

Wells Fargo Home Mortgage
February 9, 2010
Page Two

requests for the same information that has already provided to Wells Fargo.

In view of the failure of Wells Fargo to properly respond to my Clients' repeated loan modification requests in good faith, it appears that your bank is engaged in acts of bad faith. This fact is apparent now that my Clients have received a Notice of Default from First American LoanStar Trustee Services, LLC ("LoanStar").    Even though my Clients have been trying for more than seven months to modify their mortgage, Wells Fargo has yet to provide information about possible types of loan modifications.

I have now received Wells Fargo's Notice of Default Declaration, dated January 11, 2010.    In that Declaration, executed by a bank representative, Wells Fargo states that the bank has contacted my Clients to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq.* and/ or has exercised "due diligence to contact the borrower."    Neither of these pre-conditions has been met by Wells Fargo. Accordingly, please accept this letter as notification to Wells Fargo of this fact.

In addition, in a letter dated February 2, 2010 from LoanStar to my clients, it was acknowledged that proof of the debt owed by my clients and the name and address of the original creditor may be requested.    Please further accept this letter as requesting that this information be supplied to my Clients.

Given the absence on the part of Wells Fargo to explore loan modification possibilities, you should also accept this letter as providing notification of my Clients' intention to seek injunctive relief against Wells Fargo if the underlying default is pursued by your bank or LoanStar without Wells Fargo's first advising my Clients about what loan modifications are available.

Thank you.

Very truly yours,

Newell E. Cumming, Esq.
NEC:pm

cc:  Robert Moreno

Page 1 of 2

*WELLS FARGO HOME MORTGAGE*
*RETURN MAIL OPERATIONS*
*PO BOX 10368*
*DES MOINES IA 50306-0368*



March 1, 2010

|||||||||||||||||||||||||||||||||||||||||||||||
002544 1 AT 0.357 C2544/002544004347 0011  2 AGNF7F       LM189 708
ROBERT R MORENO
SUSAN A ADCOCK
PO BOX 1410
VALLEY CENTER, CA 92082-1410

||||||||||||||||||||||||||||||||||||||||||||||

| **Account Information** | |
|---|---|
| Online: | yourwellsfargomortgage.com |
| Fax: | (866) 278-1179 |
| Telephone: | (800) 416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of Operation: | Mon - Fri, 8 AM -8 PM CT |
| | |
| Loan Number: | 0069780674 |
| Property Address: | 14007 Bernabeo Court |
| | Valley Center CA 92082 |

RE:  Mortgage options available

Dear Robert R Moreno & Susan A Adcock:

Thank you for taking the time to speak with us today. We at Wells Fargo Home Mortgage realize that this may be a difficult time for you, and we appreciate the opportunity to assist you.

We value you as a customer and have several options that may help you keep your home. However, in order for us to get started, we need additional financial information to determine what option is best suited for your situation.

Please gather all financial information related to your monthly income and expenses, and contact our office at the number provided above.

While we offer a complete line of solutions for continuing homeownership, we also recommend you seek guidance on all other debts from a community-based Consumer Credit Counseling Agency. To take advantage of this service, call (866) 857-3092 for additional information.

We're happy to have you as our customer and look forward to helping you with your financial needs. If you have any questions, please contact us at the number listed in the account information section of this letter.

Sincerely,

Wells Fargo Home Mortgage

**Exhibit "N"**

**EX. A – PAGE   053**
Together we'll go far



WFM300P
LM169 708
002544/004347 AGNF7F 82-ET-M1-C001


030110LM189007MV





Wells Fargo Home Mortgage
MAC X2303-019
1 Home Campus
Des Moines, IA 50328-0001

March 01, 2010

Newell E.Cumming, Esq.
Law Office of Newell E.Cumming
145 South Fig Street #L
Escondido, CA 92025

Dear Newell E.Cumming, Esq. and Law Office of Newell E.Cumming:

RE:     Borrower: Robert R. Moreno and Susan A. Adcock
        Property Address: 14007 Bernabeo Court, Valley Center, CA 92082
        Loan Number 708-0069780674

Wells Fargo Home Mortgage (WFHM) received correspondence regarding investors and the loan modification process. Due to your legal representation of our borrower(s), I am able to respond directly to you. I have reviewed the information presented and would like to provide you with the details of my research.

Wells Fargo Home Mortgage provides servicing of loans for investors. As the servicer, Wells Fargo Home Mortgage collects payments, pays escrow items such as taxes and insurance, answers questions and provides payoff information, workout opportunities, loss mitigation, as well as other duties on behalf of the investor during the mortgage period. Wells Fargo Home Mortgage continues to act in these capacities for the investor, which allows us to provide services for your mortgage loan.

Any other information you have requested regarding our relationship with the investor, including submission of payments to the investor, is not being provided as it is considered privileged information.

Regrettably, only the representatives in our Loss Mitigation/Collections department have the specialized training and authority to establish repayment arrangements. Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Loss Mitigation/Collections specialist. Therefore, I have forwarded your correspondence of February 23, 2010 on to that department for their review. It is imperative for you or Robert Moreno and/or Susan Adcock to call our Loss Mitigation/Collections department to determine what options are available to assist you in bringing the loan current and prevent the loan from going further into default.

You may contact the Loss Mitigation/Collections Department at (800) 678-7986. A specialist is available to assist you Monday through Thursday, from 7:00 a.m. to 9:00 p.m.; Friday, from 7:00 a.m. to 8:00 p.m.; and Saturday, from 8:00 a.m. to 2:00 p.m., Central Time.

In addition, the loan is currently in foreclosure. If Robert Moreno and Susan Adcock are interested in bringing the loan completely current; reinstatement figures must be obtained from our foreclosure attorney First American Loanstar Trustee Services at:

**EX. A – PAGE   054**



**First American**
**LoanStar Trustee Services**
P.O. BOX 961253
FT WORTH, TX 76161-0253

March 1, 2010

Law Offices of Newell E. Cumming
145 South Fig Street Ste L
Escondido, CA 92025

RE:  TS # 20109070800241    /  Loan #: 0069780674

Dear Mr. Cumming:

First American LoanStar Trustee Services is in receipt of your email – fax or letter
dated February 09, 2010 and our file has been noted.

We have sent your letter to Wells Fargo Home Mortgage for review and response.

If you should have any further questions, please do not hesitate to contact our office.
817-699-6035

Sincerely,

First American Loanstar Trustee Services, LLC.

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT
COLLECTOR, ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION PROVIDED WILL
BE USED FOR THAT PURPOSE.

Mar 20 10 09:26a    Susie Adcock            7607493004              p.1
                                                                   Page 1 of 2



WELLS FARGO HOME MORTGAGE
RETURN MAIL OPERATIONS
PO BOX 10368
DES MOINES IA 50306-0368

March 15, 2010

002363 1 AT 0.357  023430022103004346 0011  2 ADKFPX     LC270 705
ROBERT R MORENO
SUSAN A ADCOCK
PO BOX 1410
VALLEY CENTER, CA 92082-1410

| Account Information | |
|---|---|
| Online: | yourwellsfargomortgage.com |
| Fax: | (866) 278-1179 |
| Telephone: | (800) 416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of Operation: | Mon - Fri, 8 AM -8 PM CT |
| Loan Number: | 0069780874 |
| Property Address: | 14007 Bernebeo Court |
| | Valley Center CA 92082 |

RE: Decision on your request for mortgage assistance

Dear Robert R Moreno & Susan A Adcock:

We're writing to provide you with the results of our efforts to find a solution that might help with the
mortgage payment challenges you're facing.

**Final decision on your mortgage loan request**
Unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the
terms of your mortgage.

This decision was made because you did not provide us with all of the information needed within the
time frame required per your trial modification period workout plan. For that reason, you have not been
approved for a mortgage loan modification.

**Additional assistance is available**
If monthly expenses other than your mortgage payment are creating part of your financial strain, we
encourage you to contact a HUD-approved, non-profit, community based Credit Counseling agency
who can work with you to lower other monthly payments. You can find a local agency by calling (800)
569-4287. A counselor will work closely with you, take your financial circumstances into consideration,
and create a budget plan that may work for you.

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign
over the deed to your home, or to make your mortgage payments to anyone other than Wells Fargo
Home Mortgage.

Exhibit "O"                                    EX. A – PAGE  056

                            Together we'll go far



WFM300P                              0318101LC278001UW

Mar 20 10 09:07a   Susie Adcock   7607493004   p.2

Page 2 of 2

| Account Information | |
| --- | --- |
| Loan Number: | 0069780674 |
| Property Address: | 14007 Bemabeo Court |
| | Valley Center CA 92082 |

If you have any questions about the decision we've made on your mortgage request, please call a Wells Fargo Home Mortgage representative today at the number listed above in the account information section. We'd also like to hear from you if any of your circumstances have changed, or if you can provide us with additional information for consideration.

Sincerely,

*Ben Z Windust*

Ben Windust
Senior Vice President
Wells Fargo Home Mortgage

Wells Fargo Bank, N A is required by the Fair Debt Collection Practices Act to inform you that if your loan is currently delinquent or in default, as your loan servicer, we will be attempting to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N A will only exercise its right as against the property and is not attempting any act to collect the discharge debt from you personally.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about our debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N A ©2009 Wells Fargo Bank, N A. All rights reserved.





LC278 708

**EX. A – PAGE   057**

Recording Requested By:
**First American Title Insurance Company**

When Recorded Mail To:
**First American LoanStar Trustee Services LLC**
**P.O. Box 961253**
**Fort Worth, TX 76161-0253**
**(817)699-6035**

| | |
|---|---|
| TSG No.: | 4351982 |
| TS No.: | 20109070800241 |
| FHA/VA/PMI No.: | |
| APN: | 188-180-73-00 |

_Space above this line for Recorder's use only_

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **10/26/2006**. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On **05/17/2010** at **10:00 A.M., First American LoanStar Trustee Services LLC**    , as duly appointed Trustee under and pursuant to Deed of Trust recorded **11/09/2006**, as Instrument No. **2006-0802195**, in book , page , of Official Records in the office of the County Recorder of **San Diego** County, State of CALIFORNIA. Executed by:

**ROBERT R. MORENO AND SUSAN A. ADCOCK, AS TRUSTEES OF THE MORENO-ADCOCK FAMILY TRUST U/D/T JANUARY 11, 2005.,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) **At the South entrance to the County Courthouse, 220 West Broadway., San Diego, San Diego county, CA**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# **188-180-73-00**

The street address and other common designation, if any, of the real property described above is purported to be:

**14007 BERNABEO COURT, VALLEY CENTER, CA 92082**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$$92,555.72.** The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

**First American Title Insurance Company**
**First American LoanStar Trustee Services LLC**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA 92707**

Date:  04/27/2010

____  Original document signed by Authorized Agent

— FOR TRUSTEE'S SALE INFORMATION
PLEASE CALL 714-277-4845

First American LoanStar Trustee Services LLC
**MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**



**Exhibit "P"**

# LAW OFFICES OF NEWELL E. CUMMING

### 145 SOUTH FIG STREET, SUITE L
### ESCONDIDO, CA 92025

TEL:  (760) 747-6600
FAX:  (760) 747-6644

NECLAW@SBCGLOBAL.NET

*CALIFORNIA  ●  NEVADA  ●  GEORGIA*

## REQUIRES IMMEDIATE ATTENTION

### VIA FACSIMILE (817-224-4515 - LoanStar) AND (866-359-1975 - Wells Fargo) AND U.S. MAIL

May 6, 2010

Wells Fargo Bank N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

First American LoanStar Trustee Services, LLC
P.O. Box 961253
Ft. Worth, TX 76161-0253

> Re:    Loan No. 0069780674
>          Robert R. Moreno and Susan A. Adcock

Dear Sir/Madam:

As Wells Fargo Home Mortgage ("Wells Fargo") and First American LoanStar Trustee Services, LLC ("LoanStar") are aware, my law office represents Robert R. Moreno and Susan A. Adcock ("Clients") with regard to their efforts to modify the above-referenced home mortgage loan.

As your records will confirm, for more than seven months I have been engaged in an effort on behalf of my Clients to have Wells Fargo discuss what possible loan modifications may be available so that they may be able to remain in their home.  Notwithstanding the efforts by me and my Clients, no substantive discussion or good faith effort regarding a loan modification has been provided by Wells Fargo, which has issued a Notice of Trustee's Sale dated April 27, 2010.    This Notice states that the Plaintiffs' home will be sold at public auction on May 17, 2010 at 10:00 a.m. at the San Diego County Courthouse.

PLEASE ACCEPT THIS LETTER AS PROVIDING NOTIFICATION THAT I WILL BE FILING AN EX PARTE APPLICATION AND APPEARING IN COURT ON MONDAY, MAY 10, 2010, TO REQUEST THAT A TEMPORARY RESTRAINING ORDER BE ISSUED TO STOP THE INTENDED SALE OF MY CLIENTS' HOME.

Among the grounds for seeking this ex parte relief will be the falsity of Wells Fargo's representation that the bank has contacted my Clients to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq.*   In fact, Wells Fargo

Exhibit "Q"

May 6, 2010
Wells Fargo Bank N.A.
First American LoanStar Trustee Services, LLC
Page Two

has completely failed to explore any such options with my Clients.    Service on Wells Fargo
and LoanStar of my Clients' TRO Application and related papers will be sent under separate
cover.

        If Wells Fargo and/or LoanStar would like to discuss an agreement to temporarily
suspend the intended sale of my Client's property on May 17, and thereby avoid my having to
appear in Court on Monday, please contact me immediately.

        Thank you.

Sincerely,

Newell E. Cumming, Esq.
NEC:pm

cc:  Robert Moreno

EX. A – PAGE  060

## PROOF OF SERVICE

<u>Moreno, et al., v. Wells Fargo Home Mortgage, et al.</u>
San Diego Superior Court, North County, Case No. 37-2010-00056256-CU-OR-NC

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California.   I am over the age of eighteen and not a party to the within action.      My business address is 145 South Fig Street, Suite L, Escondido, California 92025.

On June 16, 2010, I served the following documents, described as:

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

**NOTICE   OF   EX   PARTE   APPLICATION   AND   APPLICATION   FOR TEMPORARY RESTRAINING ORDER**

**SUMMONS AND COMPLAINT WITH ATTACHMENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATIONS OF SUSAN A. ADCOCK AND NEWELL E. CUMMING, ESQ.**

**NOTICE OF CASE ASSIGNMENT AND ADR INFORMATION**

By placing true copies thereof in sealed envelopes, addressed as stated below, and delivered such envelope on the above date to the U.S. Postal Service for delivery via Registered Mail with Delivery Confirmation, and postage thereon fully prepaid.

Wells Fargo Home Mortgage
3476 Stateview Blvd.
Fort Mill, SC 29715

Lisa Spikech
First American Trustee Servicing Solutions, LLC
8 Campus Circle
Mailstop 6-2 LoanStar
Westlake, TX 76262

///

-1-

I am "readily familiar" with the firm's practice for the collection and processing of correspondence for mailing and have confirmed that such envelope was deposited, as stated above. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 16, 2010 at Escondido, California.

Mavany L. Cowan

-2-

PROOF OF SERVICE

EX. A – PAGE 062

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK HOME MORTGAGE;  and FIRST
AMERICAN LOANSTAR TRUSTEE SERVICES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT R. MORENO and SUSAN A. ADCOCK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO COUNTY SUPERIOR CT. | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00056256-CU-OR-NC |
|---|---|

325 S. MELROSE AVE.
VISTA, CA 92081

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: **JUN 1 4 2010**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | C. Terriquez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EX. A – PAGE 063

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Newell E. Cumming, Esq. (SBN 89275)<br>145 South Fig Street, Suite L<br>Escondido, Ca 92025 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (760-747-6600    FAX NO.: (760)747-6644
ATTORNEY FOR *(Name):* Robert Moreno and Susan Adcock

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County

CASE NAME:
Robert Moreno and Susan Adcock v. Wells Fargo Home Mortgage

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2010-00056256-CU-OR-NC |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>✓ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/14/2010

Newell E. Cumming
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

PAGE 064

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    325 S. Melrose
MAILING ADDRESS:   325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME:       North County
TELEPHONE NUMBER:  (760) 201-8028

PLAINTIFF(S) / PETITIONER(S):    Robert R. Moreno

DEFENDANT(S) / RESPONDENT(S):  Susan A. Adcock

MORENO VS. ADCOCK

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
| | 37-2010-00056256-CU-OR-NC |

Judge: Earl H. Maas, III                            Department: N-28

**COMPLAINT/PETITION FILED:** 06/14/2010

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# EXHIBIT B

EX. B – PAGE 066

1  Newell E. Cumming, Esq.  (SBN 89275)
   LAW OFFICES OF NEWELL E. CUMMING
2  145 South Fig Street, Suite L
   Escondido, CA 92025
3  Tel:   760-747-6600
   Fax:   760-747-6644
4
   Attorney for Plaintiffs Robert R. Moreno and Susan A. Adcock
5

F I L E D
Clerk of the Superior Court
JUN 14 2010
BY Noreen McKinlay, Deputy

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                IN AND FOR THE COUNTY OF SAN DIEGO

8                        NORTH COUNTY BRANCH

9

10  ROBERT R. MORENO, an individual, and      )
    SUSAN A. ADOCK, and individual;           )   Case No.
11                                            )
              Plaintiff,                       )
12                                            )   NOTICE OF EX PARTE APPLICATION
                                              )   FOR  TEMPORARY RESTRAINING
13  vs.                                       )   ORDER, EX PARTE APPLICATION,
                                              )   MEMORANDUM OF POINTS AND
14                                            )   AUTHORITIES, DECLARATIONS BY
                                              )   SUSAN ADCOCK AND NEWELL E.
15  WELLS FARGO BANK, N.A., aka WELLS         )   CUMMING, ESQ. AND [PROPOSED]
    FARGO HOME MORTGAGE; FIRST                )   ORDER TO SHOW CAUSE AND FOR
16  AMERICAN LOANSTAR TRUSTEE                 )   TEMPORARY RESTRAINING ORDER
    SERVICES, LLC, AND DOES 1-10;             )
17                                            )
              Defendants.                      )   Hearing:
18                                            )   Dept:
                                              )   Judge:
19                                            )   Action Filed:
                                              )   Trail Date:    None set
                                              )
20  _____

21              NOTICE OF EX PARTE APPLICATION AND HEARING

22      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23  PLEASE TAKE NOTICE that on Monday, May 10, 2010, or as soon thereafter as this matter may

24  be heard, in the above-entitled Court, located at 325 South Melrose Drive, Vista, California,

25  Plaintiffs      ROBERT R. MORENO and SUSAN A. ADCOCK will and hereby does apply to

26                                        -1-

27  _____

        NOTICE OF EX PARTE APPLICATON FOR TEMPORARY RESTRAINING ORDER
28                                                      EX. B – PAGE  067

1   the Court for the issuance of a temporary restraining order against WELLS FARGO BANK, N.A,

2   aka WELLS FARGO HOME MORTGAGE, and FIRST AMERICAN LOANSTAR TRUSTEE

3   SERVICES, LLC baring these defendants from proceeding with the Trustee's sale of Plaintiffs'

4   home on May 17, 2010.

5       This Ex Parte Application is and will be based upon this Notice of Ex Parte Application,

6   Ex Parte Application and Memorandum of Points and Authorities, Complaint to Enjoin

7   Foreclosure and for Declaratory Relief, Declaration by Susan A. Adcock, Declaration by Newell

8   E. Cumming, Esq., the pleadings, records and files in this action, and on any argument that may be

9   presented at the hearing of this matter, and on any other matter that the Court deems appropriate.

10

11

12  DATED: ~~May~~ June 14, 2010          LAW OFFICES OF NEWELL E. CUMMING

13

14                                       By: _____

15                                           Newell E. Cumming, Esq.
                                             Attorney for Plaintiffs Robert R. Moreno and
16                                           Susan A. Adcock

17

18

19

20

21

22

23

24

25

26                                    -2-

27

1  Newell E. Cumming, Esq.   (SBN 89275)
   LAW OFFICES OF NEWELL E. CUMMING
2  145 South Fig Street, Suite L
   Escondido, CA 92025
3  Tel:   760-747-6600
   Fax:   760-747-6644
4

F I L E D
Clerk of the Superior Court

JUN 14 2010

BY _Noreen McKinley, Deputy_

5  Attorney for Plaintiff's Robert R. Moreno and Susan A. Adcock

6            SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF SAN DIEGO

8                  NORTH COUNTY BRANCH

RECEIVED

JUN 2 5 2010

9

10  ROBERT R. MORENO, an individual, and    )
    SUSAN A. ADOCK, and individual;          )   Case No.
11                                            )                    D O S
              Plaintiff,                      )
12                                            )   MEMORANDUM OF POINTS &
                                              )   AUTHORITIES IN SUPPORT OF
                                              )   TEMPORARY RESTRAINING ORDER
13  vs.                                       )   AND/OR PRELIMINARY INJUNCTION
14                                            )
                                              )   Hearing:
15  WELLS FARGO HOME MORTGAGE, aka            )   Dept:
    WELLS FARGO BANK, N.A.;FIRST              )   Judge:
16  AMERICAN LOANSTAR TRUSTEE                 )   Action Filed:
    SERVICES, LLC,                            )   Trail Date:      None set
17              Defendants.                   )
18                                            )
                                              )
19                                            )
20  _____  )
                                              I.
21

                        INTRODUCTION

22        This action was brought by Plaintiffs when their efforts to get their mortgage lender, Wells

23  Fargo Home Mortgage ("Wells Fargo"), to provide information and a meaningful discussion

24  regarding what loan modification options may be available to Plaintiffs proved unsuccessful.

25

26

27                                    -1-

28  _____
          ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER
                                                          EX. B – PAGE  069

As summarized below, the amount of business done last year by Plaintiffs in their automobile repair business decreased as the year progressed.    When their ability to make timely monthly mortgage payments was adversely affected by the slow-down in their business, Plaintiffs contacted Wells Fargo to discuss a possible loan modification solution.    Instead of exploring what workout options may be available, Defendants began their long history of responding to Plaintiffs' requests by repeatedly asking Plaintiffs to supply the financial and other personal information, which has been provided by Plaintiffs to Defendants at least three times.

More importantly, Wells Fargo has never provided to Plaintiffs any specific information about what type(s) of loan modification options they would qualify for.    And, no specific loan modification offer has ever been made by Wells Fargo.    Even after Plaintiffs' counsel was retained to provide assistance, Wells Fargo has still not provided details about the options that may be available, or made any effort to discuss such options.    Instead, on March 15, 2010 Wells Fargo sent a letter addressed to Plaintiffs stating the following:

> "We're writing to provide you with the results of our efforts to find a solution that might help with the mortgage payment challenges you're facing. . . . Unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage.    This decision was made because you did not provide us with all of the information needed within the time frame required per your trial modification period workout plan.    For that reason, you have not been approved for a mortgage loan modification.

Plaintiffs do not know what the words "trial modification period workout plan" refer to, and no details regarding such a "plan" have been communicated to Plaintiffs.

Notwithstanding numerous telephone and written communications to Wells Fargo requesting the opportunity to discuss a loan modification, Plaintiffs received a Notice of Default Declaration dated January 11, 2010 from First American LoanStar Trustee Services, LLC ("LoanStar"), who is acting as Trustee on behalf of Wells Fargo.    A true and correct copy of the

-2-

1   Notice of Default is attached to the Complaint as Exhibit "L".   In that Declaration, executed by a

2   Wells Fargo representative, it is represented that Wells Fargo has contacted my Clients to "explore

3   options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et*

4   *seq*. and/ or has exercised "due diligence to contact the borrower."   However, that representation

5   is not true, and neither of these pre-conditions has been met by Wells Fargo, as confirmed by

6   Counsel's numerous prior communications to Defendants.

7

8          Now, on or about April 27, 2010, Wells Fargo has issued a Notice of Trustee's Sale, which

9   necessitated this request for the Court's assistance.   <u>The trustee's sale is set to occur next</u>

10   <u>Saturday, May 15, 2010, at 10:00 a.m.</u>

11          As mentioned above, the undersigned counsel was retained by Plaintiffs to assist with their

12   efforts to work out a loan modification agreement whereby the Plaintiffs may keep their home and

13   avoid foreclosure.   The accompanying complaint and request for a temporary restraining order

14   are essentially a request for the Court's assistance, by which Wells Fargo will be compelled to

15   finally discuss, in a real and meaningful way, what options may exist so that the Plaintiffs can

16   keep their home during this difficult financial period.

17

18                              II.   FACTUAL BACKGROUND

19          Plaintiffs moved into their home at 14007 Bernabeo Court in Valley Center, California in

20   November 2006.   The mortgage lender was, and continues to be, Wells Fargo Home Mortgage

21   (aka Wells Fargo Bank, N.A.) (collectively "Wells Fargo"), and Wells Fargo's trustee is American

22   LoanStar Trustee Services, LLC ("LoanStar").

23

24          Beginning in early 2009, Plaintiffs began suffering a slow-down in the amount of business

25   that they were doing in their automobile repair business located in Valley Center, California.   In

26   June 2009, the Plaintiffs informed Wells Fargo that they were having trouble  making the monthly

27                                          -3-

28   _____

                    ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

mortgage payments because of a reduction in their income.   The Plaintiffs also told Wells Fargo that they were trying to stay in their home, and were seeking a loan modification, which would enable them to remain in their home.   To that end, the Plaintiffs requested, but never received, information from Wells Fargo about what Loan Modification options were available.

For almost ten (10) months after their initial request, Plaintiffs have been attempting to obtain from Wells Fargo information about possible loan workout arrangements which would enable them to remain in their home.   Notwithstanding such numerous requests by Plaintiffs and their counsel, Wells Fargo has never provided any substantive information about such workout options.

Instead, Wells Fargo has made repeated requests for the same financial information, which Plaintiffs have provided to Wells Fargo at least three times.   In several instances, such as after a period of time that would pass without hearing back from Wells Fargo, a letter from Wells Fargo would be received which again requested updated financial information.   The reason for the updated information being needed, according to Wells Fargo, was because the earlier financial information provided by Plaintiffs had become too old, even though any delays after the information was provided by Plaintiffs were caused solely by the inaction of Wells Fargo.

A detailed history, and attached exhibits of the written communications between Plaintiffs and Wells Fargo, with regard to the efforts by the Plaintiffs and Counsel to obtain information about a possible loan modification, is provided in Plaintiffs' Complaint, and for the sake of brevity is not repeated here.   In sum, Counsel's efforts to secure on behalf of Plaintiffs information about loan modifications began on or about July 20, 2009, when Counsel sent a letter to Wells Fargo, with the Plaintiffs' signatures, notifying it of Counsel's legal representation and authorizing Wells

-4-

Fargo to work directly with the undersigned.   It became apparent that all such efforts have failed when Plaintiffs received the above-described Notice of Trustee's Sale.

Prior to Counsel being retained, Wells Fargo had told Plaintiffs, in a letter dated July 9, 2009, that "the request for loan modification has been denied" because the "request would be outside of your investor guidelines."    After receiving that letter, Counsel was retained.

Notwithstanding months of effort by Plaintiffs and Counsel, including numerous telephone and written communications to Wells Fargo requesting the opportunity to discuss a loan modification, Plaintiffs received a Notice of Default Declaration dated January 11, 2010 from First American LoanStar Trustee Services, LLC ("LoanStar"), the Trustee acting on behalf of Wells Fargo.   Included in the Declaration that accompanied the Notice of Default was the representation by Wells Fargo that it had contacted the Plaintiffs to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq.* and/ or has exercised "due diligence to contact the borrower."    However, neither representation is true, and neither of these pre-conditions has been met by Wells Fargo, as confirmed by Counsel's numerous prior communications to Defendants.

In spite of the repeated efforts by Plaintiffs and their Counsel, Wells Fargo has never provided any specific information regarding what loan modification(s) may be available to the Plaintiffs.    Instead, as previously mentioned, the only communications from Wells Fargo were the repeated requests for the same financial information, which has been provided to Wells Fargo at least three times.

After receiving a copy of the Notice of Default, Counsel again wrote to Wells Fargo in a letter dated February 9, 2010 to again advise Wells Fargo that it is the Plaintiffs' desire to explore what loan workout options may be available.    In that letter, Counsel also advised Wells Fargo

-5-

1  that because of its failure to explore in good faith any loan modification possibilities, it is the

2  intention of Plaintiffs to seek injunctive relief against Wells Fargo if the underlying default is

3  pursued by Defendants without determining what loan modifications options may be available to

4  Plaintiffs.    Notwithstanding this notification to Wells Fargo, the Defendants have still not

5  provided any meaningful discussion regarding this subject.    Although it is unknown to Plaintiffs

6  what the underlying reason is as to why Wells Fargo has never provided detailed information

7  regarding what loan modifications may be available.  From the Plaintiffs perspective, it appears

8  that the Defendants are dysfunctional in its dealings with financially struggling homeowners, even

9  to the point of becoming engaged in bad faith conduct.

10         As one example of the fruitless, and frustrating, conduct by Wells Fargo in response to

11  Plaintiffs' efforts, a series of three letters, all dated March 1, 2010, were received by Plaintiffs

12  from Wells Fargo.   One of these letters thanked Plaintiffs (i.e., their Counsel) for "taking the time

13  to speak with us today."      The letter went on to say that Wells Fargo values the Plaintiffs as

14  customers, but needs "additional financial information to determine what option is best suited for

15  [Plaintiffs'] situation."     In a second letter of that date, Wells Fargo advised Plaintiffs that their

16  information has been forwarded to the Loss Mitigation/Collections department for review.      A

17  third letter, also dated March 1, 2010, was sent by LoanStar confirming that the information sent

18  by Plaintiffs has been forwarded to Wells Fargo for "review and response."

19         Finally, after Counsel's efforts to have a substantive telephone conversation with a Wells

20  Fargo representative, at least with regard to learning of the status of their request for a loan

21  modification, Wells Fargo sent a letter dated March 15, 2010, wherein the following was stated:

22         "Unfortunately, after carefully reviewing the information you provided, we are
23         unable to adjust the terms of your mortgage.   This decision was made because you did not
24         provide us with all the information needed within the time frame required per your initial

-6-

trial modification period workout plan.   For that reason, you have not been approved for a mortgage loan modification."

In that Plaintiffs have never been offered by Wells Fargo any information regarding a "trial modification period workout plan," it is unclear as to what this reference by Defendants refers. A true and correct copy of this letter from Wells Fargo is attached to the Complaint as Exhibit "O".

As if to further frustrate the Plaintiffs, about one month later Wells Fargo sent a letter, dated April 16, 2010, to Counsel wherein Wells Fargo states that they "were previously advised that the above referenced mortgagor has retained your office to represent them," and asks that The letter that asks that Counsel "confirm that your office still represents the mortgagor(s)."   A true and correct copy of this letter from Wells Fargo is attached to the Complaint as Exhibit "P". Shortly after receiving this letter, Plaintiffs received Wells Fargo's Notice of Trustee's Sale, dated April 27, 2010.   A true and correct copy of this letter from Wells Fargo is attached to the Complaint as Exhibit "Q".

In filing their Complaint and accompanying request for a temporary restraining order, Plaintiffs acknowledge that the Defendants are not obligated to provide a loan modification that is unreasonable, or unfair to either Wells Fargo or the Plaintiffs.   However, Plaintiffs do argue that the Defendants are under an obligation to act in good faith and fair dealing with regard to Plaintiffs' request for consideration of a possible loan workout, and in this regard, have failed to comply with California law.

### III.

### A TEMPORARY RESTRAINING ORDER IS APPROPRIATE IN THIS MATTER

-7-

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

EX. B – PAGE 075

A temporary restraining order ("TRO") is appropriate as an interim measure by the Court to prevent great or irreparable injury to the Plaintiffs pending the hearing on an application for a preliminary injunction.  (Code of Civil Proc. ("CCP") §527(c)   (*Biasca v. Superior Court* (1924) 194 C 366).

Under California law, California homeowners with secured loans made between January 1, 2003 and December 31, 2007 must first be provided by the trustee or beneficiary the opportunity for a meet and confer with the homeowner to assess his/her financial situation and explore options to avoid foreclosure.   (California Mortgages, Deeds of Trust, and Foreclosure Litigation, Fourth Ed., Bernhardt, Roger, at §7.25 *et seq.*, CEB Publication, 2010)     In the present case, no meaningful or good faith effort has been made by Defendants to meet and confer with Plaintiffs, or to discuss what loan modification options may be available to the Plaintiffs.

The Court is empowered to issue provisional relief, including a temporary restraining order and/or a preliminary injunction, when the plaintiff alleges that great and irreparable injury will result from the sale of the property, and in compensation of such injury money damages are inadequate and/or very difficult to ascertain.   (CCP §526(a), *et seq.*)

It is well established law that real property is considered unique, and therefore money damages may be inadequate as a remedy for the loss of such property through foreclosure.     The presumption of uniqueness under Civil Code ("CC") §3387 is conclusive for single-family residences, such as Plaintiffs' home.   (California Mortgages, Deeds of Trust, and Foreclosure Litigation, *id.*, at §7.27).

Civil Code §3422 authorizes injunction relief to prevent the breach of an obligation when, inter alia, pecuniary compensation would not afford adequate relief or where money damages are inadequate or difficult to ascertain.   In addition, relief is appropriate when, as in the present instance, the foreclosure sale should not proceed until Defendants have complied with California law.   (California Mortgages, Deeds of Trust, and Foreclosure Litigation, *id.*, at §7.25).

-8-

1    A party may seek to enjoin a trustee's sale based upon either a challenge to the claim itself,

2  or upon a challenge to the trustee's collections procedures, as in the instant case.    (*Crummer v.*

3  *Whitehead*, (1964) 230 CA2d 264)    Among the grounds for enjoining a trustee's sale, at least

4  through a temporary restraining order, is a claim by Plaintiffs that the Defendants failed to adhere

5  to the required procedural steps, including failing to explore and/or discuss in good faith what

6  options may be available to prevent this foreclosure.    As mentioned above, Wells Fargo stated in

7  its Declaration that it had "explored options for the borrower to avoid foreclosure", as required by

8

9  California Civil Code §2923.5 *et seq.*    This representation by Wells Fargo is not true.  Instead,

10  the Defendants have failed, for reasons unknown to Plaintiffs or their Counsel, to first provide

11  Plaintiffs with an opportunity for a meet and confer with Defendants to assess the Plaintiffs'

12  financial situation and to explore options to avoid foreclosure.    As a result of Wells Fargo's

13  failure to do so, as well as its false representation, Plaintiffs are now requesting that the Court stay

14  the intended sale of the property until Wells Fargo complies with California law.

15

16                                    III.

17                               CONCLUSION

18    For the foregoing reasons, Plaintiffs respectfully request that the Court issue a temporary

19  restraining order which will prevent the Plaintiffs from suffering irreparable harm that would

20  result from the sale of their home without first having the opportunity to discuss with the

21  Defendants a possible loan modification.    Although it is presently unknown why Defendants

22  failed to discuss or follow through with Plaintiffs' multiple requests for loan modification options,

23  it is hoped that the accompanying Complaint and supporting documents will cause Defendants to

24  ///

25

26

27                                    -9-

28

1 | meet and confer in good faith with Plaintiffs and take reasonable steps to provide information

2 | about what options may be available.

3 |     Respectfully submitted,

4 |

5 | DATED: June 14, 2010       LAW OFFICES OF NEWELL E. CUMMING

6 |

7 |     By: _____

8 |     Newell E. Cumming, Esq.

9 |     Attorney for Plaintiffs Robert R. Moreno and
Susan A. Adcock

-10-

Newell E. Cumming, Esq.   (SBN 89275)
LAW OFFICES OF NEWELL E. CUMMING
145 South Fig Street, Suite L
Escondido, CA 92025
Tel:  760-747-6600
Fax:  760-747-6644

Attorney for Plaintiffs Robert R. Moreno and Susan A. Adcock

F I L E D
Clerk of the Superior Court

JUN 14 2010

BY  Noreen McKinley, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

NORTH COUNTY BRANCH

| | |
|---|---|
| ROBERT R. MORENO, an individual, and SUSAN A. ADCOCK, an individual; <br><br> Plaintiffs <br><br> vs. <br><br> WELLS FARGO BANK, N.A., aka WELLS FARGO BANK HOME MORTGAGE; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and DOES 1-25; <br><br> Defendants | DECLARATION OF SUSAN A. ADCOCK IN SUPPORT OF COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

DECLARATION OF SUSAN A. ADCOCK

I, Susan A. Adcock, declare:

1.      I am over the age of eighteen and have personal knowledge of the following facts.  If called upon to testify to such facts, I could and would competently do so.

-1-

DECLARATION BY SUSAN A. ADCOCK

EX. B – PAGE 079

2.   I am the married spouse of Robert R. Moreno.  My husband and I live together in our home at 14007 Bernabeo Court, Valley Center, California, in the County of San Diego. After our initial efforts to determine what loan modification options may be available to us, my husband and I decided to retain the Law Offices of Newell E. Cumming ("Counsel") to assist with our attempt to modify our existing mortgage, such that we would be able to remain in our home.   Remaining in our home is important to my husband and me not only because we very much like our home, but also because my husband has done much to improve our residence.

3.   The reason we needed to obtain a loan modification relates to a slow-down beginning in early 2009 in my husband's automobile repair business located in Valley Center, California.   Specifically, in July 2009, we informed Wells Fargo that we were having trouble  making the monthly mortgage payments because of a reduction in our income. We also told Wells Fargo that we prefer to obtain a loan modification which would enable us to remain in our home.   To that end, we requested information from Wells Fargo about what Loan Modification options were available.

4.   In response to our early requests for information regarding a loan modification, Wells Fargo responded to us by letter dated July 9, 2009, in which it was stated simply that "the request for loan modification has been denied" because the "request would be outside of your investor guidelines."   A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "A", and by this reference is incorporated into and made a part of this complaint.  After receiving the July 9, 2009 response described above, we decided to retain Counsel to assist with our efforts to obtain a Loan Modification.   Attorney Newell Cumming has represented my husband's business since about 2004.

-2-

5.     Since about July 2009, our Counsel has been aggressively trying to find out and discuss with Wells Fargo information about possible loan modifications.     With our consent, on or about July 20, 2009, Counsel sent written notification to Wells Fargo advising them that we had retained an attorney in this matter.     This would be the beginning of a long and frustrating effort by us and our attorney to have a substantive conversation with a Wells Fargo representative regarding the options that may be available for modifying our loan.

6.     For approximately two months after the above-described letter was sent by Counsel advising Wells Fargo of the legal representation, we received no response from the bank. Finally, in late September 2009, a letter was received from Wells Fargo confirming that they are able to discuss the our mortgage loan with Counsel.

7.     As Counsel and Wells Fargo representatives would exchange written communications or talk on the telephone, our attorney would keep us informed of his efforts and Wells Fargo's responses.     Although we had already provided Wells Fargo with the requested financial information before Counsel was retained, we provided additional information to Wells Fargo, as they requested.     For example, in Counsel's letter dated October 14, 2009, additional financial information regarding our monthly income and expenses, and monthly account statements, was forwarded to Wells Fargo.

8.     Notwithstanding the efforts by me and my husband, and our attorney, we received a letter from Wells Fargo, dated January 7, 2010, which had been sent to only us and not our attorney.     In this letter, Wells Fargo advised us that our mortgage has been referred "to our attorney with instructions to begin foreclosure proceedings."     Wells Fargo also stated that the entire balance is due and payable to Wells Fargo.     About one week later, Wells

-3-

Fargo sent another letter, dated January 15, 2010, which was essentially similar to the earlier form letters sent by the bank.     In this letter, Wells Fargo acknowledged that the Plaintiffs are in "active review [sic] our Loss Mitigation/Collections department to determine which workout options are available for the [Plaintiffs'] loan."     In this same letter, Wells Fargo also stated, apparently in response to a prior letter from Counsel, that Wells Fargo would like to offer their regrets that they "did not meet [our] servicing expectations."     Wells Fargo also noted in this letter that "the review process may be time consuming and we thank you for your cooperation, patience, and willingness to provide us with the necessary information to fully complete our review."

9.     In spite of our efforts, including numerous telephone and written communications to Wells Fargo requesting the opportunity to discuss a loan modification, we received a Notice of Default Declaration dated January 11, 2010 from First American LoanStar Trustee Services, LLC ("LoanStar"), who is acting as Trustee on behalf of Wells Fargo.     A true and correct copy of the Notice of Default is attached hereto as Exhibit "L". In that Declaration, executed by a Wells Fargo representative, it is represented that Wells Fargo has contacted us to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq*. and/ or has exercised "due diligence to contact the borrower."     However, this representation is not true, and to the best of my knowledge, neither of these pre-conditions has been met by Wells Fargo, as confirmed by Counsel's numerous prior communications to Defendants.     Wells Fargo has never provided any specific information to us regarding what loan modification(s) may be available. Instead, the only communications from Wells Fargo were the repeated requests for the same financial information, which has been provided to Wells Fargo at least three times.

-4-

10. After receiving a copy of the Notice of Default, Counsel again wrote to Wells Fargo in a letter dated February 9, 2010.   In this letter, Counsel again advised Wells Fargo that it is our desire to explore what loan workout options may be available.     Counsel also again stated that we very much want to remain in our home, and it is for that reason that Counsel was retained to attempt to facilitate a loan modification that would be acceptable to both parties, and which would enable us to keep our home.     To further emphasize the efforts we had been making to work out an arrangement that would allow them to keep our home, Counsel reminded Wells Fargo that over a period of more than seven months numerous letters have been written requesting a meaningful discussion regarding information about loan modification options for us.     However, even after months of effort by us and our attorney, Wells Fargo has never provided this information.

11. On or about we received a letter dated March 15, 2010 from Wells Fargo, wherein it was stated that:

> "Unfortunately, after carefully reviewing the information you provided, we are unable to adjust the terms of your mortgage.   This decision was made because you did not provide us with all the information needed within the time frame required per your initial trial modification period workout plan.  For that reason, you have not been approved for a mortgage loan modification."

In that we have never been offered by Wells Fargo any information regarding a "trial modification period workout plan," it is unclear as to what this reference means. .     A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "O".

Shortly after receiving this letter, Plaintiffs received Wells Fargo's Notice of Trustee's Sale, dated April 27, 2010.     A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "O".

-5-

12.   I declare, under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed May ___, 2010, at Escondido, California.

*Susan A. Adcock*

Susan A. Adcock, Declarant

-6-

Newell E. Cumming, Esq.   (SBN 89275)
LAW OFFICES OF NEWELL E. CUMMING
145 South Fig Street, Suite L
Escondido, CA 92025
Tel:   760-747-6600
Fax:   760-747-6644

Attorney for Plaintiffs Robert R. Moreno and Susan A. Adcock

F I L E D
Clerk of the Superior Court

JUN 14 2010

BY Noreen McKinley, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

NORTH COUNTY BRANCH

| | |
|---|---|
| ROBERT R. MORENO, an individual, and SUSAN A. ADCOCK, an individual; | DECLARATION OF NEWELL E. CUMMING, ESQ. IN SUPPORT OF COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| Plaintiffs | |
| vs. | |
| WELLS FARGO HOME MORTGAGE, aka WELLS FARGO BANK, N.A.; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and DOES 1-25; | |
| Defendants | |

DECLARATION OF NEWELL E. CUMMING

I, Newell E. Cumming, declare:

1.   I am over the age of eighteen and have personal knowledge of the following facts.   If called upon to testify to such facts, I could and would competently do so.

-1-

DECLARATION BY NEWELL E. CUMMING, ESQ.

EX. B – PAGE 085

2.     I am a California attorney employed by the Law Offices of Newell E. Cumming, PC, and am the counsel of record for Plaintiffs Robert R. Moreno ("Moreno") and Susan A. Adcock (collectively "Plaintiffs") in the above-entitled action.      My law office has been representing Moreno and his company Automotive Specialists, LLC in various legal matters since approximately 2004.

3.     In early 2009, I was advised by Plaintiffs that their were experiencing a slow-down in the amount of business that they were doing in their automobile repair business located in Valley Center, California,     I was also advised by Plaintiffs that they had informed Wells Fargo Bank N.A. ("Wells Fargo"), their mortgage company, that they were having trouble making the monthly mortgage payments because of a reduction in their income, and that they would like to know what types of loan modifications may be available to them so that they would be able to remain in their home, as they preferred.      To that end, I was advised by the Plaintiffs that they had specifically requested this information from Wells Fargo, but had not received any substantive response.  Instead, in response to the Plaintiffs' request for information regarding a loan modification, Wells Fargo responded that the request for a loan modification was denied" because the "request would be outside of [Plaintiffs'] investor guidelines."      A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "A".

4.     After receiving the July 9, 2009 response described above, Plaintiffs retained my office to assist with their efforts to obtain a loan modification.     On or about July 20, 2009, I sent Wells Fargo written notification advising them that the Plaintiffs had retained counsel in

-2-

this matter.   A true and correct copy of this letter from me to Wells Fargo is attached hereto as Exhibit "B".

5.   For approximately two months after the above-described letter of representation was sent, no response was received from Wells Fargo.   Eventually, a letter dated September 24, 2009 was received from Wells Fargo confirming that they had received my letter and were therefore able to discuss the Plaintiffs' mortgage loan with me..   However, after stating in the  letter that Wells Fargo is providing information regarding this matter, the  letter goes on to state the following:

> "Thank you for taking the time to write us regarding [the Plaintiffs'] situation and   the expected difficulties they face in keeping their loan current. Regrettably, only the  representatives in our Collections Department have the specialized training and authority to establish workout arrangements.   Due to the time sensitive nature of these arrangements, Wells Fargo Home Mortgage requires that all workout options first be discussed over the telephone with a Collections representative.    Therefore, it is imperative for you or the homeowners to call our Collections Department to determine what options are available to assist you in preventing their loan from going farther into default."

Upon receipt of this letter, which is attached hereto as Exhibit "C", and by this reference is incorporated into and made a part of this complaint, I began what would become a lengthy and ultimately fruitless effort to have a substantive conversation with a Wells Fargo representative regarding the options that may be available for my clients to modify their loan.

6.   During the days immediately following receipt of the above-described September 24, 2009 letter from Wells Fargo, I contacted Wells Fargo and had several telephone conversations with its representative.   Although the Plaintiffs had already provided Wells

-3-

Fargo with the requested financial information before I was retained, Wells Fargo again requested Plaintiffs' financial information about the Plaintiffs was requested by Wells Fargo. In response to the request, I forwarded to Wells Fargo the requested information, as confirmed in my letter of October 14, 2009. The additional financial information included the Plaintiffs' monthly income and expenses, and monthly bank account statements.   A true and correct copy of this letter from me to Wells Fargo is attached hereto as Exhibit "D".

7.   Approximately one month later, Plaintiffs received a letter from Wells Fargo dated November 15, 2009, which was a form-type letter which simply notified Plaintiffs that they were past due in their mortgage payments.    A true and correct copy of this letter from me to Wells Fargo to me is attached hereto as Exhibit "E", and by this reference is incorporated into and made a part of this complaint. The next correspondence to be received by my office from Wells Fargo was dated December 10, 2009, which was essentially the same letter as sent by Wells Fargo on or about September 24, 2009, described above.   In this letter, Wells Fargo once again said that I should contact Wells Fargo, but this time the letter instructed that I contact the Loss Mitigation/Collections Department, which I did.    A true and correct copy of this letter from Wells Fargo to me is attached hereto as Exhibit "F".    On the day after their December 10 letter, Wells Fargo  wrote another letter to my office, dated December 11, 2009.    In this letter, Wells Fargo stated the following:

> "We were previously advised that the above referenced mortgagor has retained your office to represent them. Please confirm that your office still represents the  mortgagor(s)."

-4-

1      A true and correct copy of this letter from Wells Fargo to me is attached hereto as Exhibit

2      "G".

3

4   8.      After receipt of Wells Fargo's December 11, 2009 letter, I contacted Wells Fargo and

5      talked to a "Natalie" in the Loss Mitigation Department on or about December 16, 2009.

6      Similar to Wells Fargo's prior requests, Natalie said that the Plaintiffs would have to again

7      send the requested financial information. Natalie was unable to confirm whether Wells

8      Fargo had received the information previously sent by me two months earlier in October

9      2009. Natalie also informed me that Wells Fargo required (again) a signature from the

10      Plaintiffs confirming that I do represent the Plaintiffs. Pursuant to the requests from

11      Natalie, I sent Wells Fargo a letter on or about December 21, 2009 with updated

12

13      financial information about the Plaintiffs, including copies of Plaintiffs' balance sheets,

14      profit and loss statements, and current pay stubs, as well as another signature by Moreno.

15      In the letter's conclusion, I confirmed that Natalie had represented that after reviewing the

16      enclosed information Wells Fargo would contact me to discuss the available Loan

17      Modifications. A true and correct copy of this letter from me to Wells Fargo is attached

18      hereto as Exhibit "H".

19

20   9.      As of January 4, 2010, no response was received from Wells Fargo, and no effort was

21      made by Wells Fargo to contact Plaintiffs or my office. Not having heard back from

22      Wells Fargo, I sent the bank a follow-up letter. In this January 4 letter, I expressed the

23      frustration with Wells Fargo's repeated requests for the same information, even after the

24

25

26                                -5-

27

                                                       **EX. B – PAGE 089**

28

information had been submitted several times, and the failure of Wells Fargo to contact either Plaintiffs or their counsel.     In the letter, I wrote the following:

"Even after complying with Wells Fargo's repeated requests for the same information, [Counsel] still has not been contacted by your bank so that a meaningful and substantive discussion can be had to determine which loan modification options are available to" Plaintiffs.

The letter concludes with the following statement:

"As such, it is imperative that Wells Fargo contact [Counsel] without delay so that [the Plaintiffs] can determine what options are available to ensure that they remain in their home."

A true and correct copy of this letter from me to Wells Fargo is attached hereto as Exhibit "I".

10. Two days after I sent my January 4, 2010 letter, another letter was received from Wells Fargo, dated January 7, 2010.    In this letter, which was sent to only the Plaintiffs, Wells Fargo advised the Plaintiffs that their mortgage has been referred "to our attorney with instructions to begin foreclosure proceedings."    As is customary in such letters, Wells Fargo also stated that the entire balance is due and payable to Wells Fargo.     A true and correct copy of the Wells Fargo letter dated January 7, 2010 is attached hereto as Exhibit "J".    About one week later, Wells Fargo sent another letter, dated January 15, 2010, which was essentially similar to the earlier form letters sent by the bank.    In this letter, Wells Fargo acknowledged that the Plaintiffs are in "active review [sic] our Loss Mitigation/Collections department to determine which workout options are available for the [Plaintiffs'] loan."    Oddly, in the same letter, Wells Fargo also stated, apparently in response to a prior letter from me, that Wells Fargo would like to offer their regrets that

-6-

they "did not meet [Plaintiffs'] servicing expectations."    Wells Fargo also noted in this letter that "the review process may be time consuming and we thank you for your cooperation, patience, and willingness to provide us with the necessary information to fully complete our review."    A true and correct copy of the Wells Fargo letter dated January 14, 2010 is attached hereto as Exhibit "K".

11.    Notwithstanding numerous telephone and written communications to Wells Fargo requesting the opportunity to discuss a Loan Modification, Plaintiffs received a Notice of Default Declaration dated January 11, 2010 from First American LoanStar Trustee Services, LLC ("LoanStar"), who is acting as Trustee on behalf of Wells Fargo.    A true and correct copy of the Notice of Default is attached hereto as Exhibit "L", and by this reference is incorporated into and made a part of this complaint.    In that Declaration, executed by a Wells Fargo representative, it is represented that Wells Fargo has contacted my Clients to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq.* and/ or has exercised "due diligence to contact the borrower."    However, that representation is not true, and neither of these pre-conditions has been met by Wells Fargo, as confirmed by my numerous prior communications to Defendants.    Notwithstanding the repeated efforts by Plaintiffs and me, Wells Fargo has never provided any specific information regarding what loan modification(s) may be available to the Plaintiffs.    Instead, the only communications from Wells Fargo were the repeated requests for the same financial information, which has been provided to Wells Fargo at least three times.

-7-

12. After receiving a copy of the Notice of Default, I again wrote to Wells Fargo in a letter dated February 9, 2010.   In this letter, I advised Wells Fargo that it is the Plaintiffs' desire to explore what loan workout options may be available.     I also again stated that the Plaintiffs very much want to remain in their home, and it is for that reason that my office was retained to attempt to facilitate a loan modification that would be acceptable to both parties, and which would enable these homeowners to remain in their home.     To further emphasize the efforts Plaintiffs were making to work out an arrangement that would allow them to keep their home, I also reminded Wells Fargo that over a period of more than seven months numerous letters have been written requesting a meaningful discussion regarding Loan Modification options for the Plaintiffs.     In my February 9 letter, I noted that I had already written letters to Wells Fargo on July 20, 2009, July 29, 2009, September 11, 2009, October 14, 2009, November 23, 2009, December 21, 2009, and January 4, 2010.     I further referenced the various telephone discussions I had with different Wells Fargo representatives.     For example, as describe above, on or about December 16, 2009 I talked to a Natalie in Wells Fargo's Loss Mitigation/Collections Department.   During the conversation with her, I was told that after Wells Fargo receives the additional information requested, Plaintiffs will be contacted with information about the possible types of mortgage modifications.     However, even after months of effort by Plaintiffs and their attorney, Wells Fargo has never provided information about what specific types of Loan Modifications may be available to the Plaintiffs.     Given the failure of Wells Fargo to properly respond to the Plaintiffs requests for Loan Modification options, it appeared to my that Wells Fargo was engaged in acts of bad faith by their failure to deal with Plaintiffs

-8-

DECLARATION BY NEWELL E. CUMMING, ESQ.

EX. B – PAGE 092

in any meaningful and/or substantive way.    This fact became apparent when Plaintiffs received the Notice of Default without ever learning from Wells Fargo about possible loan workout solutions.    In my February 9 letter, Me also advised Wells Fargo that because of its failure to explore in good faith any loan modification possibilities, it is the intention of Plaintiffs to seek injunctive relief against Wells Fargo if the underlying default is pursued by Defendants without determining what loan modifications options may be available to Plaintiffs.    Notwithstanding this notification to Wells Fargo, the Defendants have still not provided any meaningful discussion regarding this subject.    A true and correct copy of my letter of February 9, 2010 to Wells Fargo is attached hereto as Exhibit "M".

13.    Following my February 9, 2010 letter described above, Plaintiffs received additional letters from Wells Fargo.    One of these letters, dated March 1, 2010, Wells Fargo thanked the Plaintiffs (i.e. their attorney) for "taking the time to speak with us today."      The letter went on to say that Wells Fargo values the Plaintiffs as customers, but needs "additional financial information to determine what option is best suited for [Plaintiffs'] situation." Wells Fargo also sent another letter, of the same March 1, 2020 date.    This letter was identical to earlier Wells Fargo letters wherein it was stated that the Plaintiffs' information has been forwarded to the Loss Mitigation/Collections Department for their review.      A third letter, also dated March 1, 2010, was sent by LoanStar confirming that the information sent by Plaintiffs has been forwarded to Wells Fargo for "review and response."      True and correct copies of these three letters from Defendants are collectively attached hereto as Exhibit "N".

-9-

14.     On the same date as the letters in Exhibit "N" were written by Defendants, I talked by telephone to several Wells Fargo representatives.   One of these representatives, Heather Duffy, advised me that her records indicated that the Plaintiffs' request for a Loan Modification is "not in active review at this time."   Ms. Duffy was unable to explain why this was so.     In an effort to learn why the Plaintiffs' request for a Loan Modification was not being actively reviewed, I also talked to two other Wells Fargo representatives. One of these individuals, by the name of Linda, was in Wells Fargo's Loss Mitigation/Collections Department.     Linda stated that she was not sure why the Plaintiffs' request was not in active review.     In another telephone conversation with a third Wells Fargo individual, by the name of Kris,  I was advised that the Loan Modification requests can sometimes take up to sixty (60) days.     I informed this individual that the Plaintiffs efforts had actually being ongoing for many months, but nothing further of help was offered during the conversation.

15.     After my unsuccessful efforts to have a telephone conversation with a Wells Fargo representative who could be of assistance, at least in advising the Plaintiffs of the status of their request for a Loan Modification,   a letter dated March 15, 2010 was received by Plaintiffs.   In this letter, Wells Fargo stated the following:

> "Unfortunately, after carefully reviewing the information you provided, we are unable to adjust the terms of your mortgage.   This decision was made because you did not provide us with all the information needed within the time frame required per your initial trial modification period workout plan.   For that reason, you have not been approved for a mortgage loan modification."

In that Plaintiffs have never been offered by Wells Fargo any information regarding a "trial modification period workout plan," it is unclear as to what this reference by Defendants

-10-

**DECLARATION BY NEWELL E. CUMMING, ESQ.**

refers.    A true and correct copy of this letter from Wells Fargo is attached hereto as Exhibit "O".

16.    About one month after the Wells Fargo letter of March 15, I received another letter from Defendants, this one dated April 16, 2010.    In this letter, Wells Fargo states that they "were previously advised that the above referenced mortgagor has retained your office to represent them."    The letter that asks that I "confirm that your office still represents the mortgagor(s)."    Shortly after receiving this letter, Plaintiffs received Wells Fargo's Notice of Trustee's Sale, dated April 27, 2010, which stated that the Plaintiffs' home would be sold at public auction on May 17, 2010 ("Sale").    A true and correct copy of the Notice of Sale is attached hereto as Exhibit "P".

17.    Upon receiving the Notice of Sale, I sent a letter to Wells Fargo and LoanStar, on or about May 6, 2010, advising them of my clients' intention to seek a temporary restraining order and/or preliminary injunction to stop the intended sale.    Included with the letter was a copy of Plaintiffs' complaint and relating filings.    A true and correct copy of my letter is attached hereto as Exhibit "Q".    In response to this letter, a Lisa Spikech ("Spikech") from LoanStar sent an email dated May 10, 2010 stating that the Sale was being "postponed for two weeks for Wells Fargo to review the complaint in regards to the loan modification." The communication from Spikech also stated that the sale was being "postponed to 6/01/10 ...with the understanding that Wells Fargo will provide an update no later than 5/26/10 and if they do not, you will need to take action in the filing of the Ex Parte application for [sic] TRO.    Thank you for your consideration in not filing the Ex Parte for TRO today."    A

-11-

DECLARATION BY NEWELL E. CUMMING, ESQ.

EX. B – PAGE 095

1   true and correct copy of this communication from LoanStar is also attached hereto as

2   Exhibit "Q".

3   18.   After receiving Exhibit "Q" from LoanStar, I heard nothing further from either Wells

4   Fargo or LoanStar until I began additional attempts to find out the status of Wells Fargo's

5   "review of the complaint in regards to the loan modification."      Finally, after leaving

6   several telephone messages, I received an email from Spikech dated June 3, 2010 stating

7   that the Sale was scheduled for June 15, 2010 "per the client [i.e. Wells Fargo] to allow

8   time for review of the file."      A true and correct copy of this communication from

9   LoanStar is attached hereto as Exhibit "R".   In response to this LoanStar communication,

10  I sent an email to Spikech the same day, June 3.   In that communication I advised Spikech

11  that I would in Atlanta, Georgia on other business until the evening of June 14, the day

12  before the scheduled Sale, and was therefore requesting a further postponement of the Sale.

13  A copy of this communication is also included within Exhibit "R".

14  19.   As has repeatedly occurred, as the days grew closer to the scheduled June 15 Sale date

15  approached, I again attempted to learn what Wells Fargo's review had determined and what

16  was the intention of that defendant regarding the upcoming Sale.      After not hearing

17  anything back from either LoanStar or Wells Fargo, I sent a follow-up email on or about

18  June 8, 2010 asking about the status of this matter.      In this communication, I advised

19  Spikech that nothing had been heard by Plaintiffs, and that I had a conflicting trip to

20  Atlanta.      In response to my inquiry, Spikech wrote via email also dated June 3, 2010

21  stating that

22

23

///

-12-

"At this time, I do not have any updates to offer you. As of today, the sale is scheduled for 06/15/10 at 10:00 a.m. I would like to be able to provide something, but they [i.e., Wells Fargo] have also made some changes and the contacts that I had have been transferred to other areas."

Apparently, LoanStar, in its role as Wells Fargo's trustee, has had as much difficulty getting responses from Wells Fargo as I had had. As the date of my trip out of town neared, additional efforts were made to postpone the Sale. As a result of my insistence, Spikech made further efforts to contact Wells Fargo. As a follow-up communication, Spikech wrote to me that she had

"spoke to Vanessa at Wells Fargo in regards to any contact from the debtor. She claims that the debtor has not contacted them, but they do have an LOA to speak with you [i.e., Counsel]. In order to request a postponement of a sale for a loan modification, you or your client will need to contact them at [telephone number] for any resolution."

20. I went to Atlanta the next day, June 9, without hearing anything further from Wells Fargo or LoanStar. In between my Atlanta meetings and work regarding other clients, I made numerous telephone calls to Wells Fargo using the suggested number, and spoke to three different individuals. Each of these persons said either they did not have the authority to postpone the Sale and/or they would need to see updated financials from the Plaintiffs to consider a postponement of the Sale. By the conclusion of these out-of-town telephone conversations, I came to the realization that after months and months of effort in this matter, I was continuing to experience the same dead-ends and unsuccessful efforts get Wells Fargo to provide a substantive discussion with the Plaintiffs regarding about what loan modification options, if any, may be available to them. As a final effort to avoid

-13-

asking for the Court's assistance, I attempted to contact Spikech on the morning of June 14, 2010, but could only leave a telephone message.

21.   After almost ten (10) months of efforts by the Plaintiffs and me, Wells Fargo has never provided Plaintiffs with information about possible types of loan modifications.     In the Notice of Default Declaration referenced above, a Wells Fargo representative states that the bank has contacted Plaintiffs to "explore options for the borrower to avoid foreclosure", as required by California Civil Code §2923.5 *et seq.* and/ or has exercised "due diligence to contact the borrower."     Wells Fargo has done neither of these.   As a result, Plaintiffs are now asking, via this complaint and related filings, for the Court's assistance.

I declare, under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed June 14, 2010, at Escondido, California.

Newell E. Cumming, Declarant

-14-

Received by
DEFAULT MAIL DEPT.

JUN 23 2010

Ft. Mill, South Carolina

SHP'D JUN 24 2010

708-
00697806 74

F I L E D

Clerk of the Superior Court

JUN 14 2010

BY Noreen McKinley, Deputy

D Brennan
# 95280

1   Newell E. Cumming, Esq.   (SBN 89275)
    LAW OFFICES OF NEWELL E. CUMMING
2   145 South Fig Street, Suite L
    Escondido, CA 92025
3   Tel:   760-747-6600
    Fax:  760-747-6644
4
    Attorney for Plaintiff's Robert R. Moreno and Susan A. Adock
5

6            SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF SAN DIEGO

8                     NORTH COUNTY BRANCH

9

10  ROBERT R. MORENO, an individual, and    )
    SUSAN A. ADOCK, and individual;         )   Case No.
11                                          )
              Plaintiffs,                    )
12                                          )   [PROPOSED] ORDER TO SHOW CAUSE
                                            )   AND TEMPORARY RESTRAINING
13  vs.                                     )   ORDER
                                            )
14                                          )
                                            )
15  WELLS FARGO HOME MORTGAGE, aka          )   Hearing:
    WELLS FARGO BANK, N.A.; FIRST           )   Dept:
16  AMERICAN LOANSTAR TRUSTEE               )   Judge:
    SERVICES, LLC, and DOES 1-25,           )   Action Filed:
17                                          )   Trail Date:   None set
              Defendants.                    )
18                                          )
                                            )
19                                          )
                                            )
20  ─────────────────────────────────────

21           Good cause appearing in Plaintiffs' Notice of Ex Parte Application, Ex Parte Application,

22  supporting Memorandum of Points and Authorities, Complaint, supporting declarations, and it

23  appearing that this is a proper case for issuance of an order to show cause and a temporary

24  restraining order; and that unless a temporary restraining order issues, Plaintiffs will suffer

25  irreparable injury before the matter can be heard on notice:

26

27                              -1-                         EX. B–PAGE  099

28  ───────────────────────────────────────────

RECEIVED

JUN 25 2010

D O S

1      IT IS HEREBY ORDERED that Defendants WELLS FARGO BANK N.A., aka WELLS

2  FARGO HOME MORTGAGE; and FIRST AMERICAN LOANSTAR TRUSTEE SERVICES,

3  LLC, (collectively "Defendants") appear on July 16, 2010 , in Department

4  28 of the above-titled Court, located at 325 South Melrose, Vista, California 92081, to

5  show cause why a preliminary injunction should not be issued enjoining Defendants from selling

6

7  or attempting to sell, or causing to be sold, the trust property described in the Complaint on file in

8  this action either under the power of sale in the deed of trust or by foreclosure action.

9      IT IS FURTHER ORDERED that, pending the hearing on the order to show cause,

10  Defendants, Defendant's agents, officers, employees, partners, successors, and representatives; all

11  persons acting in concert or participating with them; and each of them are herby restrained and

12

13  enjoined from selling, attempting to sell, or causing to be sold the trust property described in the

14  Complaint on file in this action either under the power of sale in the deed of trust or by foreclosure

15  action.

16      IT IS FURTHER ORDERED that a copy of the Complaint is a proper cause of issuance of

17  an order to show cause and a temporary restraining order; and that, unless a temporary restraining

18  order issues, Plaintiffs will suffer irreparable injury before the matter can be heard on notice.

19      IT IS FURTHER ORDERED that a copy of the Ex Parte Application, Complaint,

20  Memorandum of Points and Authorities, supporting declarations, and a copy of this order to show

21  cause and temporary restraining order, be served on Defendants no later than 6/14/10

22  2010 by Fax, with Service by Registered mail by 6/21/10-

23  Plaintiff shall deposit $6,000.00 with the clerk of the

24  IT IS SO ORDERED. Court as a Condition Precedent to the

25  DATED: 6/14/10     order taking effect.

26

27                          JUDGE OF THE SUPERIOR COURT

28                 -2-       JUDGE EARL MAAS

1 | *Robert R. Moreno and Susan A. Adcock v. Wells Fargo Bank, et al*
2 | United States District Court for the Southern District of California,

3 | PROOF OF SERVICE<br>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

4 |

5 | I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

6 |

7 | On **July 14, 2010**, I served the following document(s) described as:

8 | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

9 |

10 | on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

11 |

| | |
|---|---|
| Newell E. Cumming, Esq. | Attorneys for Plaintiffs ROBERT R. MORENO |
| Law Offices of Newell E. Cumming | and SUSAN A. ADCOCK |
| 145 South Fig Street, Suite L | |
| Escondido, California 92025 | |
| Telephone: (760) 747-6600 | |
| Facsimile: (760) 747-6644 | |
| E-Mail: neclaw@sbcglobal.net | |
| | |
| T. Robert Finlay, Esq. | Attorneys for Defendant FIRST AMERICAN |
| Nicole K. Neff, Esq. | LOANSTAR TRUSTEE SERVICES, LLC |
| Wright, Finlay & Zak, LLP | |
| 4665 MacArthur Court, Suite 280 | |
| Newport Beach, California 92660 | |
| Telephone: (949) 477-5050 | |
| Facsimile: (949) 477-9200 | |
| E-Mail: rfinlay@wrightlegal.net; | |
| nneff@wrightlegal.net | |

☒ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

-2-

W02-WEST:8ESB2\402782812.1

CERTIFICATE OF SERVICE

1    ☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under

2        the laws of the United States of America that the foregoing is true and correct.

3        Executed on **July 14, 2010**, at San Diego, California.

4

5

6                DAWN ANDERSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

W02-WEST:8ESB2\402782812.1

℠ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Robert R. Moreno; Susan A. Adcock | Wells Fargo Home Mortgage; First American Loanstar Trustee Services, LLC |

FILED

2010 JUL 14 PM 1:59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| **(b)** County of Residence of First Listed Plaintiff <u>San Diego</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Newell E. Cumming, Esq. (089275)<br>Law Offices of Newell E. Cumming<br>145 South Fig Street, Suite L<br>Escondido, California 92025<br>Telephone: (760) 747-6600 | Attorneys (If Known)<br>Sheppard, Mullin, Richter & Hampton LLP<br>Erik S. Bliss (184954)<br>501 West Broadway, 19th Floor<br>San Diego, California 92101-3598<br>Telephone: (619) 338-6500 |

'10 CV 1467 JLS BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☐ 3 | Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2 | U.S. Government<br>Defendant | ☒ 4 | Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br> Med. Malpractice<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br> Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br> Exchange<br>☐ 875 Customer Challenge<br> 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br> Act<br>☐ 900 Appeal of Fee Determination<br> Under Equal Access<br> to Justice<br>☐ 950 Constitutionality of<br> State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☒ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br> Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br> & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br> Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br> Alien Detainee<br>☐ 465 Other Immigration<br> Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>another district<br>(specify) | ☐ 6 Multidistrict<br>Litigation | ☐ 7 Judge from<br>Magistrate<br>Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a)

Brief description of cause:
Declaratory and injunctive relief.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____    DOCKET NUMBER _____

| DATE<br>July 14, 2010 | SIGNATURE OF ATTORNEY OF RECORD<br>Erik S. Bliss. |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # 15836    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

7/14/10 BY

American LegalNet, Inc.<br>www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS015836
Cashier ID: bhartman
Transaction Date: 07/14/2010
Payer Name: AMERICAN MESSENGER SERVICE
-----------------------------------
CIVIL FILING FEE
 For: MORENO V WELLS FARGO HOME
 Case/Party: D-CAS-3-10-CV-001467-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 6716
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```