# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT R MORENO, SUSAN A ADCOCK,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO HOME MORTGAGE, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; and DOES 1-25,<br><br>    Defendants. | CASE NO. 10CV1467 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 14.) |

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s motion to dismiss Plaintiffs' first amended complaint. (Doc. No. 14 (Mot. to Dismiss).) Also before the Court are Plaintiffs' opposition (Doc. No. 16 (Opp'n)) and Defendant's reply (Doc. No. 18 (Reply)). After consideration, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

In November 2006, Plaintiffs obtained a loan from Defendant Wells Fargo Bank, N.A. (Wells Fargo) secured by a deed of trust on their home. (MTD at 5.) Plaintiffs contacted Wells Fargo in July 2009 regarding a loan modification because Plaintiffs were having difficulty making the monthly payments on their loan. (FAC ¶ 10.) One thing led to another, and Plaintiffs' counsel soon began "a lengthy and ultimately fruitless effort to have a substantive conversation with any

Wells Fargo representative regarding the options that may be available for a Loan Modification." (FAC ¶ 12.) After several months passed and many letters exchanged, Wells Fargo recorded a Notice of Default on January 26, 2010. (FAC ¶ 19.) Plaintiffs continued to send letters, attempting to work out a loan modification. (*See* FAC ¶¶ 20–24.) It was all for naught, as on April 27, 2010, Plaintiffs received a Notice of Trustee's Sale informing them that their home was to be auctioned off. (*Id.* at ¶ 25.) This was the last straw, and Plaintiffs filed suit—ultimately ending up before this Court.

On December 1, 2010, Plaintiffs filed their FAC, alleging four causes of action: 1) breach of the implied duty of good faith and fair dealing; 2) negligent misrepresentation; 3) fraud and deceit; and 4) declaratory relief. (Doc. No. 12 (FAC).) Faced with these allegations, Wells Fargo responded with the present motion to dismiss. (Doc. No. 14 (Mot. to Dismiss).)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts

1  pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to
3  say that the claim must be probable, but there must be "more than a sheer possibility that a
4  defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall
5  short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the
6  Court need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This review
7  requires context-specific analysis involving the Court's "judicial experience and common sense."
8  *Id.* at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere
9  possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the pleader
10 is entitled to relief.'" *Id.*

11       When a motion to dismiss is granted, "leave to amend should be granted 'unless the court
12 determines that the allegation of other facts consistent with the challenged pleading could not
13 possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
14 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
15 1986)).  In other words, the Court may deny leave to amend if amendment would be futile.  *See*
16 *id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

17                                  **ANALYSIS**
18 **1.     Breach of the Implied Covenant of Good Faith and Fair Dealing**
19       Plaintiffs' first cause of action alleges that Wells Fargo breached the implied covenant of
20 good faith and fair dealing by failing to comply with California Civil Code § 2923.5.  (FAC ¶ 34.)
21 Section 2923.5 requires several things, many of which Wells Fargo allegedly failed to do.  For
22 instance, Plaintiffs allege that Wells Fargo failed to "contact or attempt to contact Plaintiffs in a
23 good faith effort to avoid foreclosure."  (FAC ¶ 34.)  This claim fails, however, as the asserted
24 portions of § 2923.5 have been preempted by the Home Owners' Loan Act of 1933, 12 U.S.C.
25 § 1461 *et seq*.  *See Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 WL 2618729, at *6
26 (S.D. Cal. June 25, 2010); *see also Giordano v. Wachovia Mortg., F.S.B.*, 2010 WL 5148428, at
27 *2 (N.D. Cal. Dec. 14, 2010).  As a result, this claim is **DISMISSED WITH PREJUDICE**
28 insofar as it is based on alleged violations of § 2923.5.

### 2.    Negligent Misrepresentation of Facts

Plaintiffs' second cause of action alleges negligent misrepresentation of facts by Defendants Wells Fargo and LoanStar.  Under California law, plaintiffs asserting negligent misrepresentation claims must establish, among other things, that defendants misrepresented a past or existing material fact.  *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *9 (N.D. Cal. Jan. 28, 2011) (citing *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs.*, 89 Cal. Rptr. 3d 473, 483 (Cal. Ct. App. 2009)).  Plaintiffs' claim here fails for want of this necessary element.

Plaintiffs do not allege any misrepresentations of a past or existing material fact.  Instead, Plaintiffs allege that Defendants stated they "1) would try to assist with Plaintiffs' efforts to obtain a loan modification, 2) would provide Plaintiffs with information about loan modification programs upon the Plaintiffs' providing to Defendants the requested financial and other information, and 3) would attempt to help Plaintiffs keep their [h]ome."  (FAC ¶ 40.)  These statements are prospective, however.  They are promises of future conduct rather than representations of past or existing facts.  *See Stevens v. JPMorgan Chase Bank, N.A.*, 2010 WL 329963, at *7 (N.D. Cal. January 20, 2010) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (Cal. Ct. App. 1991).  Based on these allegations, Plaintiffs cannot set forth a claim for negligent misrepresentation.  This claim is therefore **DISMISSED**.

### 3.    Fraud and Deceit - Intentional Misrepresentation and Concealment

Plaintiffs' third cause of action is for fraud and deceit based on intentional misrepresentation and concealment by Defendants.  Defendants allegedly falsely represented that they "1) would try to assist with Plaintiffs' efforts to obtain a loan modification, 2) would provide Plaintiffs with information about loan modification programs upon the Plaintiffs' providing to Defendants the requested financial and other information, and 3) would attempt to help Plaintiffs keep their [h]ome."  (FAC ¶ 45.)

Claims for fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Neilson v. Union Bank, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Under this rule, Plaintiffs must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The allegations of fraud must "be 'specific' enough to give defendants notice

1 of the particular misconduct . . . so that they can defend against the charge and not just deny that
2 they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.
3 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Namely, these
4 allegations "must be accompanied by 'the who, what, when, where, and how' of the misconduct
5 charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must
6 set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set
7 forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *Decker v.*
8 *Glenfeld, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

9     Plaintiffs fail to allege the "who, what, where, when, and how" with sufficient particularity
10 as required by Rule 9(b).  *See Vess*, 317 F.3d at 1106.  Plaintiffs offer conclusory allegations that
11 Defendants collectively made intentional misrepresentations.  (*See* FAC ¶ 45.)  And to the extent
12 specific interactions and statements were alleged, Plaintiffs do not specifically identify what is
13 false or misleading about a particular statement and why it is false.

14     Even if misrepresentations were properly alleged, the fraud claim fails because there is no
15 causal connection between the misrepresentations and the damages.  *See Serv. by Medallion, Inc.*
16 *v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818 (Cal. Ct. App. 1996).  Plaintiffs allege in their
17 complaint that Defendants misrepresented their intention to participate in loan modification
18 discussions and that "caus[ed] Plaintiffs to lose their home."  (FAC ¶ 47.)  For a causal connection
19 to exist in this situation requires, at the very least, the assumption that Plaintiffs would ultimately
20 have received a loan modification.  This is a significant assumption given Wells Fargo had no
21 obligation to grant one.  Plaintiffs allege no reasonable basis for believing that a loan modification
22 would have been granted and foreclosure avoided.

23     Because Plaintiffs fail to allege fraudulent statements with particularity and fail to allege a
24 causal connection between any fraudulent statements and the damages suffered, Plaintiffs fraud
25 claim is **DISMISSED**.
26 ///
27 ///
28 ///

**4.      Declaratory Relief**

Plaintiffs' fourth cause of action requests declaratory relief against all defendants. Specifically, the claim seeks a declaration that "Defendants failed to act in good faith with Plaintiffs with regard to Plaintiffs' requests for information."  (FAC ¶ 60.)

"A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Manown v. Cal-Western Reconveyance Corp.*, 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).  Plaintiffs have sought adequate remedies under their other causes of action.  Accordingly Plaintiffs' fourth cause of action for declaratory relief is unnecessarily duplicative and is **DISMISSED.**

**CONCLUSION**

The Court **GRANTS** Defendant's motion to dismiss in its entirety.  Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is **DISMISSED WITH PREJUDICE** insofar as it is based on alleged violations of § 2923.5.  The other three claims are **DISMISSED WITHOUT PREJUDICE**.  If Plaintiffs wish, they may file a second amended complaint within 14 days of this Order being electronically docketed.

**IT IS SO ORDERED.**

DATED:  April 12, 2011

Honorable Janis L. Sammartino
United States District Judge